**FILED**

MAR 25 2014

BOLIVAR COUNTY, MS //00q .M.
MARILYN L. KELLY, CIRCUIT CLERK

BY_____D.C.

IN THE CIRCUIT COURT OF BOLIVAR COUNTY, MISSISSIPPI

LATAUNA HILL, INDIVIDUALLY
AND ON BEHALF OF ALL THE HEIRS
AT LAW AND WRONGFUL DEATH
BENEFICIARIES OF WILLIE LEE BINGHAM,
DECEASED                                                    **PLAINTIFF**

v.                                          CIVIL ACTION NO.: 2014-0022

BOLIVAR COUNTY; BOLIVAR
COUNTY SHERIFF'S DEPARTMENT;
KEVIN WILLIAMS, SR.
(In his official capacity);
DEPUTY SHERIFF GRANT WALKER
(In his individual and official capacity);
AND JOHN DOE DEFENDANTS 1-5                                 **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW, the Plaintiff, LaTauna Hill (hereinafter "Plaintiff") by and through counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure, and files this Complaint against the above named Defendants. In support thereof, Plaintiff would respectfully show unto this Honorable Court the following, to-wit:

### I.

### <u>INTRODUCTION</u>

1.    This is a wrongful death action brought as a result of the collective assault, negligence, gross negligence and reckless disregard for the safety of others by the Defendants. Plaintiff's claims arise as a direct and proximate consequence of an incident that occurred on or about March 13, 2013 in Bolivar County, Mississippi.

2.     This is also a Federal Civil Rights Action brought as a result of a violation of <u>inter alia</u>, the federal, civil, constitutional, and human rights of Willie Bingham.  On or about On March 13, 2013, law enforcement personnel inflicted unnecessary bodily harm on Willie Bingham through the use of excessive unreasonable and unjustifiable force.  The act of the Defendants in the use of said force against Willie Bingham and others, enforced pursuant to official policy, is so pervasive as to have the impact of custom and usage.  As a direct and proximate consequence Willie Bingham was shot and killed.  It is alleged that certain Federal Statutes, to include 42 U.S.C. Sections 1983 with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated.  In particular, Defendants violated Plaintiff's Fourth Amendment, Eight Amendment, Fourteenth Amendment, and other rights under the United States Constitution.  Therefore, the Plaintiff files this action and prays for the result set forth in the following paragraphs.

## II.

## JURISDICTION AND VENUE

3.     This Honorable Court has jurisdiction and venue over the parties and this cause of action.

4.     Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(i) (Amended 2006).  Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

5.     On or about May 15, 2013, the Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. Mail to each and every

Defendant a notice of claim letter regarding the act(s) and/or omission(s) set forth herein. Miss. Code Ann. § 11-46-11 (2006). A copy of said letter is incorporate herein by referenced and attached as "Exhibit A."

### III.

### PARTIES

6.      Plaintiff LaTauna is an adult resident citizen of Bolivar County, Mississippi.

7.      Defendant Bolivar County is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983, and may be served through its President or Clerk of the Board of Supervisors.

8.      Defendant Bolivar County Sheriff Department is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983, and may be served through its Sheriff Kelvin Williams, Sr. at 2792 Highway 8 Cleveland, MS 38732.

9.      Defendant Sheriff Kelvin Williams, Sr. is an adult resident citizen of Bolivar County, Mississippi and may be served with process at 2792 Highway 8 Cleveland, MS 38732.

10.     Defendant Deputy Sheriff Grant Walker is an adult resident of Mississippi. He may be served with process at the Bolivar County Sheriff Department at 2792 Highway 8 Cleveland, MS 38732.

11.     Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts

giving rise to the causes of action contained herein. Plaintiff investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

## IV.

## FACTS

12.     On March 13, 2013, Willie Bingham (also referred to as Mr. Bingham) was a passenger in a motor vehicle passing through Cleveland, Mississippi. A Bolivar County Sheriff's Deputy turned on his lights in attempt to pull over the vehicle. The driver of the vehicle continued driving for a brief period of time. The driver of the vehicle pulled over.

13.     Once the driver pulled over, Mr. Bingham and the other passengers exited the vehicle. Mr. Bingham and the other passengers started running away from the patrol car.

14.     Bolivar County Sheriff's Deputy Grant Walker chased Mr. Bingham. Mr. Bingham was running away from Deputy Sheriff Grant Walker. Mr. Bingham did not have any weapon in his hands. Mr. Bingham was not threatening to harm anyone.

15.     Deputy Sheriff Grant Walker fatally shot Mr. Bingham as Mr. Bingham was running away from him. Mr. Bingham did not pose a threat to Deputy Sheriff Grant or anyone else.

16.     At all relevant times, Mr. Bingham did not threaten to harm anyone. At all relevant times, Deputy Grant Walker was not in imminent fear of being harmed. The shooting was objectively unreasonable. The shooting was an excessive use of force. At this time, Ms. Hill is not sure of the names of all persons involved in the shooting.

4

However, Ms. Hill intends to pursue claims against each and every officer or person who participated in the shooting.

17.     Deputy Grant deprived Willie Bingham of his Constitutional Right under the Fourth and Fourteenth Amendment by using unreasonable physical force and/or authority to restrain the life and liberty of Willie Bingham.

18.     Defendants collectively owed a duty of care to the Willie Bingham, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances. Deputy Grant actions were done in reckless disregard to the safety of Mr. Bingham and others.

19.     Defendants' actions breached the duty of care owed to the Willie Bingham, and were the sole, proximate cause of the damages sustained by the Plaintiff.

20.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Willie Bingham was deprived of various constitutional rights. As a direct and proximate result of the acts of Defendants, Mr. Bingham suffered the following injuries and damages:

> a. Violation of his Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;
>
> b. Loss of his physical liberty; and
>
> c. Intentional, offensive contact with his body.

21.     Other Officers of the Bolivar County Sheriff's department failed to prevent Deputy Grant Walker from shooting Mr. Bingham and causing his death.

22.    At all relevant times, Defendants were acting under color of law and under color of authority as police officers, deputies, employees, and agents of the Bolivar County Sheriff's Department and as agents of the State of Mississippi.

## V.

## CLAIMS FOR RELIEF

### NEGLIGENCE

23.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

24.    At the time and on the occasion in question, Defendants, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law.    Specifically, Grant Walker and other officers of the Bolivar County Sheriff's Department possessed the duty to keep Mr. Bingham and others reasonably safe, to avoid reasonable harm to Mr. Bingham, and to act as a reasonable prudent officer would have acted under the same or similar circumstances.    Defendants breached their duty of care by not keeping Mr. Bingham and others reasonably safe.

25.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.    Further, the act(s) and/or omission(s) of the Defendants, individually, jointly, and severally, resulted in Plaintiffs' damages.

### GROSS NEGLIGENCE

26.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

27.     The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Willie Bingham

28.     Defendant Deputy Grant Walker and other members of the Bolivar County Sheriff's department had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Mr. Bingham herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law. As a result, Plaintiff is entitled to the recovery of punitive damages.

29.     At the time and on the occasion in question, Doe Defendants 1-5 were individuals whose identities are currently unknown to the Plaintiff. Upon information and belief these unknown individuals, in addition to the named Defendant Grant Walker, were present at the scene where Mr. Bingham was killed, or were a contributing cause of the incident and the resulting damages to the Mr. Bingham, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to the incident.

30.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

31.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

32.     At the time and on the occasion in question, Defendant, Bolivar County, Bolivar County Sheriff's Department, and Sheriff Kenny Wilson, Sr. were negligent in

hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who killed Mr. Bingham.

33.     Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately train employees, agents or servants;

(b)     failing to properly supervise employees, agents or servants;

(c)     failing to comply with laws, rules, statutes, standards and regulations regarding arrests, and;

(d)     other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

## RES IPSA LOQUITUR

34.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

35.     At all pertinent times, Defendants collectively were in sole and complete control of Mr. Bingham and the personnel who had a duty to protect him.   Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

36.     Defendants were presented with an available opportunity to avoid the resulting incident. Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiff's damages.

37.     The duty of care owed to the Mr. Bingham was therefore breached by the Defendants.

38.     The manner of damage to Mr. Bingham's person is the type of event that does not ordinarily occur in the absence of negligence.

39.     The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case. The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

40.     The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiff.

### RECKLESS DISREGARD

41.     Plaintiff re-alleges and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

42.     The act(s) and/or omission(s) of Defendants, in both their official and individual capacity constituted a reckless disregard for the rights and safety of the Plaintiff herein. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s)

and/or omission(s) constitute a reckless disregard for the rights and safety of Mr. Bingham defined under Mississippi law.

43.     The act(s) and/or omission(s) of these Defendants and Officers of the Defendants in their official capacities were a proximate cause as to the injuries and damages sustained by Mr. Bingham.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR

44.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

45.     Upon information and belief Deputy Grant Walker and other Officers involved in this matter were employee(s), servant(s), and/or agent(s) of the Bolivar County Sheriff's Department. Thus, the principal Defendants are vicariously liable for the actions of their employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

## AGENCY

46.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein.

47.     At the times material hereto, Defendants Deputy Grant Walker and other members of the Bolivar County Sheriff's Department were in the course and scope of their employment with and acted in furtherance of the interest of the Bolivar County Sheriff's Department.

48.     Defendants, Deputy Grant Walker and other officers and employees of the Bolivar County Sheriff's Department were an apparent agent acting within his actual or

10

apparent authority of The Bolivar County Sheriff's Department; therefore, Defendants are liable for the actions of its employee(s) statutory employee(s)/agent(s).

## ASSAULT

49.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

50.     The acts(s) and/or omission(s) of Defendants, in both their official and personal capacities, establish that Deputy Grant Walker committed a civil assault. Mr. Bingham's reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendants' overt act of shooting Willie Bingham constituted a threat or menace to the Mr. Bingham. Defendants, Deputy Grant Walker and other officers of the Bolivar County Sheriff's Department apparent present ability to inflict threatened harm and use of a weapon established that Defendants committed a civil assault.

51.     The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## BATTERY

52.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as if set forth herein.

53.     The acts(s) and/or omission(s) of Defendants, Deputy Grant Walker in both his official and personal capacities, establish that he committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of Mr. Bingham caused by the act of defendant, whether directed at plaintiff personally or at a third party. Defendant, Grant Walker committed a civil battery upon Willie Bingham by shooting him and causing his death.

11

54.     The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

### THE COMMON LAW TORT OF OUTRAGE

55.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

56.     The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiff's damages. The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

57.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct. Thus, Plaintiff is entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

### WRONGFUL DEATH

58.     Plaintiff re-alleges and hereby incorporates herein the foregoing allegations of this Complaint as set forth herein in their entirety.

59.     Pursuant to Miss. Code Ann. 11-7-13, whenever the death of any person shall be caused by any real, wrongful or negligent act or omission entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Mr. Bingham's death was caused by the tortious acts by the Defendants. Therefore, Mr.

Bingham's estate should be able to maintain an action and recover damages from the Defendants.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (General Allegations)

60.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

61.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Bingham of certain constitutionally protected rights under the Constitution of the United States.

62.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

63.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Plaintiff were violated. Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Mr. Bingham, thus, causing him certain injuries which resulted in his death. As a direct and proximate consequence of the Defendants' actions, Mr. Bingham was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

64.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendant, Deputy Grant Walker acted maliciously and sadistically by using force and physical violence designed and

intended to cause Mr. Bingham physical, mental, and emotional harm, pain, humiliation, and/or injury. Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Mr. Bingham was left in.

65.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

66.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

67.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

68.     Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of the City of Bolivar County Sheriff's Department to shoot Willie Bingham.

69.     The failure of Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of Mr. Bingham to be free from illegal shootings, excessive force, among other things, under the Constitution of the United States.

70.     Upon information and belief Defendants Bolivar County, Bolivar County Sheriff's Department, and Sheriff Kevin Williams Sr. has a custom of allowing similar actions of this nature. Defendant, Bolivar County, Bolivar County Sheriff Department,

and Sheriff Kevin Williams Sr., has a history of allowing similar conduct from their officers. Bolivar County, Bolivar County Sheriff Department, and Sheriff Kevin Williams Sr., has not taken the proper action to stop incidents of this nature.

71.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Bingham as alleged herein of certain constitutionally protected rights. Thus, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under **42 U.S.C. §1983.**

### VIOLATION OF CIVIL RIGHTS PURSUANT TO
### TITLE 42 U.S.C. §1983
### (Refusing or Neglecting to Prevent)

72.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

73.     At all times relevant to this Complaint, Deputies/Officers acted as agents of the City of Bolivar County Sheriff's Department and were acting under the direction and control of the City of Bolivar County Sheriff's Department.

74.     Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Mr. Bingham by the Constitution and laws of the United States and the laws of the State of Mississippi; and

15

(c) otherwise depriving Mr. Bingham of his constitutional and statutory rights, privileges, and immunities.

75.     Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

76.     Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

77.     As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Mr. Bingham suffered physical injury and loss of life in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Intervene)

78.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

79.     At all times material hereto, Defendant John Doe had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

80.     At all times material hereto, Defendants were deemed with the responsibility and authority of intervening while other officers assaulted and arrested the unarmed Plaintiff without probable cause or justification.

81.     Consequently, Defendants breached the duty owed to Mr. Bingham. Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiff.

## VI.

## DAMAGES

82.     Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

83.     Wherefore the Plaintiff, Latauna Hill, individually and on behalf of the heirs at law and wrongful death beneficiaries of Willie Bingham, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Willie Bingham, prays for judgment against Defendants, as follows:

1.      For damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

5.      For all other relief to which Plaintiff asserts are entitled by Mississippi and

Federal law.

84.     Plaintiff reserve the right to amend and state further with respect to their damages.

## VII.

## PUNITIVE DAMAGES

85.     Plaintiff re-alleges and incorporatesherein the foregoing allegations of this Complaint as if set forth herein in their entirety.

86.     Pursuant to Miss. Code Ann. § 11-1-65 and Title 42 U.S.C. **§1983**, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VIII.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

87.     Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserves the right to name additional Defendants should later facts establish that others are liable herein.

## IX.

## JURY TRIAL DEMANDED

88.     Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs

of Court, and for such other and further relief to which they may show themselves to be

justly entitled.

Dated: March 13, 2014

Respectfully submitted,

**LATAUNA HILL**

By: _____
Dennis Sweet, IV

**Of Counsel:**

Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
Dennis Sweet, IV MSB #103009
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS 39201
601-965-8700 Telephone
601-965-8719 Fax