IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LATAUNA HILL, INDIVIDUALLY AND ON BEHALF
OF ALL THE HEIRS AT LAW AND WRONGFUL DEATH
BENEFICIARIES OF WILLIE LEE BINGHAM,
DECEASED                                                                                       PLAINTIFF

V.                                                       CIVIL ACTION NO: 4:14-CV-00086-NBB-JMV

BOLIVAR COUNTY, ET AL.                                                          DEFENDANTS

**DEFENDANT WALTER GRANT'S MEMORANDUM IN SUPPORT OF MOTION FOR QUALIFIED IMMUNITY[1]**

**INTRODUCTION**

This case involves the death of Willie Lee Bingham ("Bingham"). Bingham was shot and killed by Defendant Walter Grant ("Grant"), a former Deputy with the Bolivar County, Mississippi Sherriff's Department. The Plaintiff, Latauna Hill ("Plaintiff"), alleges that Grant's use of force was excessive and therefore violated Bingham's constitutional rights.

Grant's actions, however, were not objectively unreasonable in light of clearly established law. As such, he is entitled to qualified immunity and the federal claims brought against him should be dismissed with prejudice.

**FACTS**

The statements and reports from the Bolivar County Sheriff's Department (Exhibit A to Motion for Qualified Immunity) concerning this incident reveal the following:

---

[1] The other individual Defendant, Bolivar County Sheriff Kelvin Williams, is only being sued in his official capacity. As such, his entitlement to qualified immunity is not at issue in this case.

In the early morning hours of March 13, 2013, the Bolivar County Sheriff's Department received a report that a group of men were breaking into cars parked at the "Faurecia" plant in Cleveland, Mississippi.

Two Bolivar County Deputies were dispatched to the scene: Defendant Walter Grant and Chris McCain. Grant arrived first and saw some of the suspects leaving the parking lot in a Grand Marquis. A pursuit began. McCain next joined the chase, as did two City of Cleveland Police officers, Frank Goss and Michael Melton.

As the chase proceeded north on Highway 61, Grant was able to disable the vehicle by ramming the back left bumper. The car stalled on the east side of Highway 61 North off to the side of the road. The driver of the vehicle and another suspect were arrested, but the passenger in the back of the car escaped on foot. This was Willie Lee Bingham.

Bingham ran toward a ditch which bordered Highway 61 to the east and a large cotton field to the west. Grant pursued Bingham by pulling his vehicle off the Highway and down a narrow dirt road that bordered the cotton field to the north. This diagram depicts the scene.



Grant drove a short distance down the dirt road and stopped. Grant exited his vehicle. He drew his fire arm and his flash light and walked south down the ditch line. He came upon Bingham, who was crouched down in weeds. At that point, Grant saw what he thought was a shotgun in Bingham's hand. He fired once, striking Bingham in the head and killing him.



The investigation into the shooting revealed that Bingham was not holding a shotgun, but a wooden night stick or baton. The night stick is depicted in this photograph from the scene of the shooting.



**ARGUMENT**

The issue before the Court is whether Grant is entitled to qualified immunity.

Qualified Immunity protects government employees from individual, civil liability as long as their conduct does not violate clearly established constitutional rights of which a "reasonable person would have known." Wernecke v. Garcia, 591 F. 3d 386, 392 (5th Cir. 2009). Although an affirmative defense, it is the Plaintiff who has the burden to negate the assertion of qualified immunity. Collier v. Montgomery, 569 F. 3d 214, 217 (5th Cir. 2009).

Fifth Circuit courts apply a two-step analysis to determine whether a defendant is entitled to qualified immunity. Ramirez v. Knoulton, 542 F. 3d 124, 128 (5th Cir. 2008). First, this Court must determine, by looking at the evidence in a light most favorable to the non-moving party, whether evidence exists that the individual defendants violated the plaintiff's constitutional rights. Id. Consequently, in order to determine whether Defendant Sharp is entitled to qualified immunity, this Court must first determine whether evidence exists that he violated the Plaintiff's constitutional rights.

If evidence of a violation is found, the Court must next "consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." Id. (citing Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007)). *See also* Harlow v. Fitzgerald, 457 U.S. 800 (1982); Thompson v. Upshur County, Texas, 245 F.3d 447, 456 (5th Cir. 2001). It is well settled in the Fifth Circuit that a defendant's acts are deemed to be "objectively reasonable" unless all reasonable officials in the defendant's circumstances would have then known that the conduct at issue violated clearly established law. *See* Thompson, 245 F.3d at 457 (emphasis added).

Turning to the constitutional claim against Grant, the basic allegation is that Grant's decision to use deadly force was unwarranted and excessive. Grant, however, has the right to use deadly force if he harbored an objective and reasonable belief that a suspect presented an "immediate threat to [his] safety". <u>Deville v. Marcantel</u>, 567 F.3d 156, 167 (5th Cir. 2009); *See also* <u>Ontiveros v. City of Rosenberg</u>, 564 F.3d 379 (5th Cir. 2009); <u>Young v. City of Killeen</u>, 775 F.2d 1349 (5th Cir. 1985). In assessing whether Grant is entitled to qualified immunity, the Court should consider the totality of the circumstances as viewed by a reasonable, on-the-scene officer without the benefit of retrospection. <u>Poole v. City of Shreveport</u>, 691 F.3d 624, 628 (5th Circuit 2012).

While Bingham's death is tragic, any reasonable officer walking alone down the ditch line of a cotton field in the middle of the night in pursuit of a fleeing burglary suspect, who saw what he thought was a shotgun in the hand of the assailant, would have fired his weapon. For this reason, Grant is entitled to qualified immunity.

## CONCLUSION

For the above reasons, Defendant Walter Grant is entitled to qualified immunity. Grant respectfully requests that the federal claims brought against him in his individual capacity be dismissed with prejudice.

THIS, the 15th day of August, 2014.

Respectfully submitted,
CLAYTON O'DONNELL, PLLC
P.O. Drawer 676
Oxford, MS  38655
Telephone:  (662) 234-0900
Facsimile:  (662) 234-3557

*s/ S. Ray Hill, III*
**S. RAY HILL, III, MSB# 100088**
rhill@claytonodonnell.com

## **CERTIFICATE OF SERVICE**

I, S. Ray Hill, III, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to all counsel of record

This the 15th day of August 2014.

*s/ S. Ray Hill, III*
**S. RAY HILL, III, MSB# 100088**