## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**LATAUNA HILL, INDIVIDUALLY**
**AND ON BEHALF OF ALL THE HEIRS**
**AT LAW AND WRONGFUL DEATH**
**BENEFICIARIES OF WILLIE LEE BINGHAM,**
**DECEASED**                                                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO.: 4:14cv86-NBB-JMV**

**BOLIVAR COUNTY; BOLIVAR**
**COUNTY SHERIFF'S DEPARTMENT;**
**KEVIN WILLIAMS, SR. (In his official capacity);**
**DEPUTY SHERIFF WALTER GRANT**
**(In his individual and official capacity);**
**DEPUTY SHERIFF CHRIS MCAIN (In his individual**
**and official capacity); THE CITY OF CLEVELAND MISSISSIPPI;**
**CLEVELAND POLICE DEPARTMENT; MICHAEL**
**MELTON (In his individual and official capacity);**
**JOE SMITH (In his individual and official capacity;**
**STANLEY PERRY(In his individual and official capacity;**
**FRANK GOSS (In his individual and official capacity**

                                                                            **DEFENDANTS**

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

---

COMES NOW, Plaintiff LaTauna Hill (hereinafter "Plaintiff"), by and through

counsel, and pursuant to the laws of the State of Mississippi and the Federal Rules of

Civil Procedure, and files this First Amended Complaint against the above named

Defendants.  In support thereof, Plaintiff would respectfully show unto this Honorable

Court the following, to-wit:

# I.

## INTRODUCTION

1.     This is a wrongful death action brought as a result of the collective assault, negligence, gross negligence and reckless disregard for the safety of others by the Defendants.  Plaintiff's claims arise as a direct and proximate consequence of an incident that occurred on or about March 13, 2013 in Bolivar County, Mississippi.

2.      This is also a Federal Civil Rights Action brought as a result of a violation of inter alia, the federal, civil, constitutional, and human rights of Willie Bingham.  On or about March 13, 2013, law enforcement personnel inflicted unnecessary bodily harm on Willie Bingham through the use of excessive unreasonable and unjustifiable force.  The act of the Defendants in the use of said force against Willie Bingham and others, enforced pursuant to official policy, is so pervasive as to have the impact of custom and usage.  As a direct and proximate consequence, Willie Bingham was shot and killed.  It is alleged that certain Federal Statutes, to include 42 U.S.C. Sections 1983 with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated.  In particular, Defendants violated Plaintiff's Fourth Amendment, Eight Amendment, Fourteenth Amendment, and other rights under the United States Constitution.  Therefore, the Plaintiff files this action and prays for the result set forth in the following paragraphs.

# II.

## JURISDICTION AND VENUE

3.     This Honorable Court has jurisdiction and venue over the parties and this cause of action.

4.      Venue is properly established before this Court based upon 28 U.S.C. § 1391.  Venue is proper because this matter is in the judicial district in which any defendant resides and in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

5.      On or about May 15, 2013, the Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. Mail to Defendants Bolivar County, Mississippi, Sheriff Kevin Williams and Walter Grant a notice of claim letter regarding the act(s) and/or omission(s) set forth herein.  Miss. Code Ann. § 11-46-11 (2006).  A copy of said letter was attached to the original complaint as "Exhibit A" and is incorporated herein by reference.

## III.

## <u>PARTIES</u>

6.      Plaintiff LaTauna Hill is an adult resident citizen of Bolivar County, Mississippi.

7.      Defendant Bolivar County is an entity organized and existing under and by virtue of the laws of the State of Mississippi.  The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983 and may be served through its President or Clerk of the Board of Supervisors.

8.      Defendant Bolivar County Sheriff Department is an entity organized and existing under and by virtue of the laws of the State of Mississippi.  The county is subject to suit pursuant to the Miss. Code Ann § 11-46-11 and 42 U.S.C. §1983, and may be served through Sheriff Kelvin Williams, Sr. at 2792 Highway 8, Cleveland, MS 38732.

9. Defendant Sheriff Kelvin Williams, Sr. is an adult resident citizen of Bolivar County, Mississippi and may be served with process at 2792 Highway 8 Cleveland, MS 38732.

10. Defendant Deputy Sheriff Walter Grant is an adult resident of Mississippi. He may be served with process at the Bolivar County Sheriff Department at 2792 Highway 8 Cleveland, MS 38732.

11. Defendant Deputy Sheriff Chris McCain is an adult resident of Mississippi. He may be served with process at the Bolivar County Sheriff Department at 2792 Highway 8 Cleveland, MS 38732.

12. Defendant Cleveland Police Department is an entity organized and existing under and by virtue of the laws of the State of Mississippi. They city is subject to suit under 42 U.S.C. §1983 and may be served through Cleveland Police Department Chief of Police Buster Bingham at 301 South Sharpe Avenue Cleveland, MS 38732.

13. Defendant Cleveland, Mississippi is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The city is subject to suit pursuant to 42 U.S.C. §1983 and may be served with process through Mayor Billy Nowell at 100 North Street Cleveland, Mississippi 38732.

14. Defendant Michael Milton is an adult resident of Mississippi. He may be served with process at the Cleveland Mississippi Police Department at 301 South Sharpe Avenue Cleveland, MS 38732.

15. Defendant Joe Smith is an adult resident of Mississippi. He may be served with process at the Cleveland Mississippi Police Department at 301 South Sharpe Avenue Cleveland, MS 38732.

16.     Defendant Stanley Perry is an adult resident of Mississippi. He may be served with process at the Cleveland Mississippi Police Department at 301 South Sharpe Avenue Cleveland, MS 38732.

17.     Defendant Frank Gross is an adult resident of Mississippi. He may be served with process at the Cleveland Mississippi Police Department at 301 South Sharpe Avenue Cleveland, MS 38732.

**IV.**

**<u>FACTS</u>**

18.     On March 13, 2013, Willie Bingham (also referred to as Mr. Bingham) was a passenger in a motor vehicle passing through Cleveland, Mississippi. Walter Grant was a Bolivar County Deputy Sherriff at this time. Walter Grant pulled behind the motor vehicle that Mr. Bingham was a passenger in. Walter Grant turned on his blue lights. The driver of the vehicle continued driving for a brief period of time.

19.     Chris McCain, a Deputy Sherriff for the Bolivar County Sherriff's Department, joined Walter Grant in his pursuit of the vehicle.

20.     While pursuing the vehicle, Walter Grant attempted a rolling block maneuver and a pit maneuver. Also, Walter Grant bumped the vehicle with his patrol car.

21.     Pit maneuvers are highly specialized maneuvers that require training. In fact, the Bolivar County Sheriff's Department does not have a policy to use this maneuver because they do not train officers to use it.

22.     Once the driver pulled over, Mr. Bingham and the other passengers exited the vehicle.  Mr. Bingham and the other passengers started running away from the patrol car.

23.     Bolivar County Sheriff's Deputy Walter Grant chased Mr. Bingham.  Mr. Bingham was running away from Deputy Sheriff Walter Grant.  Mr. Bingham did not have any weapons in his hands.  Mr. Bingham was not threatening to harm anyone.

24.     Deputy Sheriff Walter Grant fatally shot Mr. Bingham as Mr. Bingham ran away.  Mr. Bingham did not pose a threat to Deputy Sheriff Grant or anyone else. Walter Grant fatally shot Willie Bingham in the back of the head.

25.     Deputy Grant violated Willie Bingham's Fourth Amendment and Fourteenth Amendment Constitution Rights by conducting an illegal seizure of Willie Bingham and denying him his right to due process.  Deputy Grant's seizure was pursuant to a seizure of a fleeing felon; however, Willie Bingham was not a felon and had not committed a felonious act.  Further, Deputy Grant's seizure was illegal whether Willie Bingham was a felon or not because Willie Bingham was not an imminent threat or harm to anyone.   Officer Grant's actions were not objectively or subjectively reasonable. Further, Officer Grant's illegal seizure and Constitutional violation of Willie Bingham was within the Policy and Procedure of the Bolivar County Sherriff's Department, which is improper.

26.     During all relevant times, Defendant Chris McCain was present, on the scene, with Defendant Walter Grant.   However, Defendant Chris McCain failed to intervene to prevent the shooting.  Additionally, Defendant Chris McCain failed to report the misconduct—rather, he acquiesced in the cover-up.

27.    Upon information and belief, during all relevant times Cleveland Police Officers Michael Melton, Joe Smith, Stanley Perry, and Frank Gross were also present, on the scene, with Defendant Walter Grant.  However, Defendants Michael Melton, Joe Smith, Stanley Perry, and Frank Gross failed to intervene to prevent the shooting. Additionally, these defendants failed to report the misconduct—rather, they acquiesced in the cover-up.

28.    When Bolivar County Sheriff's Department's investigators arrived, it was stated he tussled with Mr. Bingham.  It was further stated Grant thought he saw a weapon, so, he fired.

29.    Then, it was stated Grant told Mr. Bingham to get down and he didn't comply.  Grant thought he saw Willie Bingham with a weapon, so he fired.

30.    Finally, it was stated Mr. Bingham was on the ground and Grant thought he saw a weapon, so he fired.

31.    Shortly thereafter, local investigators called Mississippi Bureau of Investigation ("MBI") to investigate the shooting.

32.    Although MBI started an investigation, upon information and belief, Bolivar County Sheriff's Office feverishly searched for a gun in an effort to help support one of the many conflicting statements given by Deputy Walter Grant.  In fact, they contacted the Leflore County Sheriff's Department to bring their "gun sniffing" dog to look for a weapon.

33.    Law enforcement officers investigated the scene of the shooting.  Later, Officer Gerald Wesley learned from Sheriff Williams that Walter Grant, in fact, placed the baton next to Willie Bingham's deceased body.

34.     It is clear Walter Grant never saw Willie Bingham with a weapon. Upon information and belief, Walter Grant placed a baton by Willie Bingham's deceased body to cover up the fact that he unjustifiably and fatally shot Mr. Bingham.

35.     Walter Grant submitted a written statement titled "Use of Force Report" to the Bolivar County Sherriff's Department. Walter Grant gave an oral statement to Michael Lamb. Also, Walter Grant drafted an incident report for the Bolivar County Sheriff's Department. Walter Grant gave different accounts of what happened. Also, there are other statements made by officers that are different from Walter Grant's statement. The Bolivar County Sherriff's Department was aware of the different statements. However, the Bolivar County Sherriff's Department allowed Walter Grant to remain a Deputy for the Bolivar County Sherriff's department.

36.     At all relevant times, Mr. Bingham did not threaten to harm anyone. At all relevant times, Deputy Walter Grant was not in imminent fear of being harmed. The shooting was objectively unreasonable. The shooting was an excessive use of force.

37.     Defendant Grant deprived Willie Bingham of his Constitutional Right under the Fourth and Fourteenth Amendment by using unreasonable physical force and/or authority to restrain the life and liberty of Willie Bingham.

38.     Defendants collectively owed a duty of care to Willie Bingham, to act as reasonable prudent officers of the law would have acted under the same or similar circumstances. Deputy Grant's actions were done in reckless disregard to the safety of Mr. Bingham and others.

39.     Defendants' actions breached the duty of care owed to Willie Bingham, and were the sole, proximate cause of the damages sustained by the Plaintiff.

40.     As a direct and proximate result of the collective negligence and breach of duties of care of the Defendants, Willie Bingham was deprived of various constitutional rights.  As a direct and proximate result of the acts of Defendants, Mr. Bingham suffered injuries and damages, including but not limited to:

a.  Violation of his Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

b.  Loss of his physical liberty; and

c.  Intentional, offensive contact with his body.

41.     Defendant Chris McCain failed to prevent Deputy Walter Grant from shooting Mr. Bingham and causing his death.

42.     Upon information and belief, during all relevant times Cleveland Police Officers Michael Melton, Joe Smith, Stanley Perry, and Frank Gross were all present, on the scene, with Defendant Walter Grant.  However, Defendants Michael Melton, Joe Smith, Stanley Perry, and Frank Gross failed to intervene to prevent the shooting. Additionally, these defendants failed to report the misconduct—rather, they acquiesced in the cover-up.

43.     At all relevant times, Defendants were acting under color of law and under color of authority as police officers, deputies, employees, and agents of the Bolivar County Sheriff's Department and as agents of the State of Mississippi.

## V.

## CLAIMS FOR RELIEF

### NEGLIGENCE

44.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as set forth herein in their entirety.

45.     At the time and on the occasion in question, Defendants, individually, jointly and severally, possessed a duty of ordinary care while acting as officers of the law.   Specifically, Walter Grant and other officers of the Bolivar County Sheriff's Department possessed the duty to keep Mr. Bingham and others reasonably safe, to avoid reasonable harm to Mr. Bingham, and to act as a reasonable prudent officer would have acted under the same or similar circumstances.  Defendants breached their duty of care by not keeping Mr. Bingham and others reasonably safe.

46.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants, individually, jointly and severally, resulted in Plaintiff's damages.

### GROSS NEGLIGENCE

47.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

48.     The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Willie Bingham.

49.     Defendant Deputy Walter Grant and other members of the Bolivar County Sheriff's Department had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Mr. Bingham herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiff is entitled to the recovery of punitive damages.

50.     The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

**NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL**

51.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

52.     At the time and on the occasion in question, Defendant, Bolivar County, Bolivar County Sheriff's Department, and Sheriff Kevin Williams, Sr. were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who killed Mr. Bingham.

53.      Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force. Defendants breached that duty in the following respects, among others:

(a)     failing to adequately train employees, agents or servants;

(b)     failing to properly supervise employees, agents or servants;

(c)     failing to comply with laws, rules, statutes, standards and regulations regarding arrests, and;

(d)    other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

## RES IPSA LOQUITUR

54.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

55.    At all pertinent times, Defendants collectively were in sole and complete control of Mr. Bingham and the personnel who had a duty to protect him.   Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

56.    Defendants were presented with an available opportunity to avoid the resulting incident.   Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiff's damages.

57.    The duty of care owed to the Mr. Bingham was therefore breached by the Defendants.

58.    The manner of damage to Mr. Bingham's person is the type of event that does not ordinarily occur in the absence of negligence.

59.    The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of

this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

60. The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiff.

## RECKLESS DISREGARD

61. Plaintiff re-alleges and hereby incorporate by reference all of the preceding paragraphs of this Complaint as if set forth herein.

62. The act(s) and/or omission(s) of Defendants, in both their official and individual capacity constituted a reckless disregard for the rights and safety of the Plaintiff herein. Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects. Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of Mr. Bingham defined under Mississippi law.

63. The act(s) and/or omission(s) of these Defendants and Officers of the Defendants in their official capacities were a proximate cause as to the injuries and damages sustained by Mr. Bingham.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR (MTCA)

64. Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

65. Upon information and belief, Deputy Walter Grant and other Officers involved in this matter were employee(s), servant(s), and/or agent(s) of the Bolivar

County Sheriff's Department. Thus, the principal Defendants are vicariously liable for the actions of their employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

## AGENCY (MTCA)

66.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as set forth herein.

67.     At the times material hereto, Defendants Deputy Walter Grant and other members of the Bolivar County Sheriff's Department were in the course and scope of their employment and acted in furtherance of the interest of the Bolivar County Sheriff's Department.

68.     Defendants, Deputy Walter Grant and other officers and employees of the Bolivar County Sheriff's Department were an apparent agent acting within his actual or apparent authority of The Bolivar County Sheriff's Department; therefore, Defendants are liable for the actions of its employee(s) statutory employee(s)/agent(s).

## ASSAULT

69.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

70.     The acts(s) and/or omission(s) of Defendants, in both their official and personal capacities, establish that Deputy Walter Grant committed a civil assault. Mr. Bingham's reasonable apprehension of imminent harmful or offensive contact constitutes civil assault. The Defendants' overt act of shooting Willie Bingham constituted a threat or menace to Mr. Bingham.  Defendants, Deputy Walter Grant and other officers of the

Bolivar County Sheriff's Department, apparent present ability to inflict threatened harm and use of a weapon established that Defendants committed a civil assault.

71.     The above act(s) and/or omission(s) constitute civil assault and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## BATTERY

72.     Plaintiff re-alleges and hereby incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

73.     The acts(s) and/or omission(s) of Defendants, Deputy Walter Grant in both his official and personal capacities, establish that he committed a civil battery. A civil battery has occurred when a harmful or offensive contact with the person of Mr. Bingham caused by the act of defendant, whether directed at plaintiff personally or at a third party.  Defendant Walter Grant committed civil battery upon Willie Bingham by shooting him and causing his death.

74.     The above act(s) and/or omission(s) constitute civil battery and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

## THE COMMON LAW TORT OF OUTRAGE

75.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

76.     The Defendants' overall conduct on the date in question was so outrageous that it shocked the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiff's damages.  The manner, method, and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

77.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct.  Thus, Plaintiff is entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## WRONGFUL DEATH

78.     Plaintiff re-alleges and hereby incorporates herein the foregoing allegations of this Complaint as set forth herein in their entirety.

79.     Pursuant to Miss. Code Ann. 11-7-13, whenever the death of any person shall be caused by any real, wrongful or negligent act or omission, entitles the party injured or damaged thereby to maintain an action and recover damages in respect thereof. Mr. Bingham's death was caused by the tortious acts by the Defendants. Therefore, Mr. Bingham's estate should be able to maintain an action and recover damages from the Defendants.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (General Allegations)

80.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

81.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Bingham of certain constitutionally protected rights under the Constitution of the United States.

82.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

83.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Plaintiff were violated.  Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Mr. Bingham, thus, causing him certain injuries which resulted in his death. As a direct and proximate consequence of the Defendants' actions, Mr. Bingham was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

84.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendant Deputy Walter Grant acted maliciously and sadistically by using force and physical violence designed and intended to cause Mr. Bingham physical, mental, and emotional harm, pain, humiliation, and/or injury.  Defendants' conduct evidences a deliberate indifference to the immediate, grave and serious condition Mr. Bingham was left in.

85.     The conduct and actions of Defendants, acting in concert and under color of law, in authorizing, directing and/or causing Willie Bingham to be shot in the back of his head, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical pain and death in violation of

Willie Bingham's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable, and unjustified force.

86.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

87.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983

### (*MONELL* CLAIM AGAINST DEFENDANTS BOLIVAR COUNTY AND CITY
### OF CLEVELAND, MISSISSIPPI)
### (Failure to Implement Appropriate Policies, Customs and Practices)

88.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

89.     Defendants Bolivar County and the City of Cleveland, Mississippi (jointly referred to as "Municipal Defendants") directly caused the constitutional violations suffered by Plaintiff and decedent, and are liable for the damages suffered by Plaintiff and decedent as a result of the conduct of Municipal Defendants and its officers.  The conduct of the Defendants' officers was a direct consequence of policies and practices of Defendants Bolivar County and the City of Cleveland, Mississippi.

90.     At all times relevant to this Complaint,  Municipal Defendants, acting through the Bolivar County Sheriff's Department and the Cleveland Police Department,

had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

91.     At all times relevant to this Complaint, Municipal Defendants, acting through its Sheriff's Department and Police Department, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights.  Upon information and belief, Municipal Defendants, acting through its Sheriff's Department and Police Department, planned and implement a policy, practice, custom and usage of excessive force, obstruction of justice, among other things, using excessive force against private citizens, and discouraging officers from reporting the misconduct of other officers.  In connection with the events complained of herein, Municipal Defendants consciously disregarded the illegality and unconstitutionality of the individual defendants' actions by only attempting to find evidence to support one of the many different statements given by Defendant Grant, among other things, as well as the City of Cleveland's officers failing to intervene as well as failing to report the illegal conduct of Walter Grant.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

92.     Municipal Defendants knew or should have known of the Defendants' officers' propensity to engage in misconduct of the type alleged herein.

93.     It was the policy and/or custom of Municipal Defendants to inadequately and improperly investigate the individual Defendants' misconduct, and acts of misconduct were instead tolerated, ignored and actually sanctioned by the Bolivar County

Sheriff's Department by the mere act of not reprimanding Defendant Grant and allowing him to retire and by the Cleveland Police Department by the mere act of it failing to follow-up with the appropriate authorities.

94.     It was the policy and/or custom of Municipal Defendants to inadequately train, supervise and discipline its officers/deputies, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers/deputies.  Municipal Defendants did not require appropriate in-service training or re-training of officers to ensure they were qualified to do certain maneuvers, i.e. pit and rolling roadblock, and to report illegal conduct.

95.     As a result of the above described policies and customs, among other things, Municipal Defendants, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

96.     The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of Municipal Defendants to the constitutional rights of persons with Bolivar County and were the direct and proximate cause of the violations of Willie Lee Bingham.

97.     Municipal Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, allowed employees of the Bolivar County Sheriff's Department to shoot Willie Bingham and allowed employees of the Bolivar County Sheriff's Department and the Cleveland Police Department to cover up illegal conduct.

98.     The failure of Defendants, including Bolivar County and the City of Cleveland, Mississippi, to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of Mr. Bingham to be free from illegal shootings, excessive force, among other things, under the Constitution of the United States.

99.     Upon information and belief, Municipal Defendants have a custom and/or pattern of allowing similar actions of this nature.  Municipal Defendants have a history and/or pattern of allowing similar conduct from their officers.   Municipal Defendants have not taken the proper action to stop incidents of this nature.   Bolivar County, Bolivar County Sheriff Department, and Sheriff Kevin Williams Sr. allowed Walter Grant to remain employed as a Deputy after Grant fatally shot Willie Bingham.  Bolivar County, Bolivar County Sheriff Department, and Sheriff Kevin Williams Sr. allowed Walter Grant to remain employed as a Deputy with the Sherriff's Department after Grant gave different stories about the shooting.

100.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Bingham as alleged herein of certain constitutionally protected rights.  Thus, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

101.    Municipal Defendants caused the constitutional violations suffered by Plaintiff and decedent, and is liable for the damages suffered by Plaintiff and decedent as a result of the conduct of the Municipal Defendants' officers.  The conduct of the Municipal Defendants' officers was a direct consequence of policies and practices of Municipal Defendants.

102.    At all times relevant to this Complaint, Municipal Defendants, acting through the Bolivar County Sheriff's Department and the Cleveland Police Department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

103.    At all times relevant to this Complaint, Municipal Defendants, acting through the Bolivar County Sheriff's Department and the Cleveland Police Department, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of individual's Constitutional Rights. Upon information and belief, Municipal Defendants, acting through its Sheriff's Department and Police Department, planned and implemented a policy, practice, custom of obstruction of justice, among other things, and discouraged officers from reporting the misconduct of other officers, and failed to intervene and prevent the unconstitutional actions of the individually names officers and deputies.   In connection with the events complained of herein, Municipal Defendants consciously disregarded the illegality and unconstitutionality of the individual Defendants' actions by only attempting to find evidence to support one of the many difference statements given by Defendant Grant, among other things.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

104.    Municipal Defendants knew or should have known of the Defendant officers' propensity to engage in misconduct of the type alleged herein.

105. It was the policy and/or custom of the Municipal Defendants to inadequately and improperly investigate the individual Defendants' misconduct, and acts of misconduct were instead tolerated and/or ignored.

106. It was the policy and/or custom of the Municipal Defendants to inadequately train, supervise and discipline its officers/deputies, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers.

107. As a result of the above described policies and customs, among other things, Municipal Defendants, including the individual Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

108. The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberated indifference on the part of the policymakers of the Municipal Defendants to the constitutional rights of persons with Bolivar County and were the direct and proximate cause of the violations of Willie Lee Bingham.

109. Municipal Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that, among other things, failed to intervene to prevent employees of the Cleveland Police Department and the Bolivar County Sheriff's Department to shoot Willie Bingham.

110. The failure of Municipal Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of Mr. Bingham to be free from illegal shootings, excessive force, among other things, under the Constitution of the United States.

111.    Upon information and belief, Municipal Defendants have a custom and/or pattern of allowing similar actions of this nature.  Municipal Defendants have a history and/or pattern of allowing similar conduct from their officers.  Municipal Defendants have not taken the proper action to stop incidents of this nature.

112.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Mr. Bingham as alleged herein of certain constitutionally protected rights.  Thus, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**TITLE 42 U.S.C. §1983**
**(Refusing or Neglecting to Prevent)**

113.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

114.    At all times relevant to this Complaint, Deputies/Officers acted as agents of the Municipal Defendants and were acting under the direction and control of the City of Cleveland Police Department and/or Bolivar County Sheriff's Department.

115.    At all times relevant to this Complaint, Officers acted as agents of the Cleveland Police Department and/or Bolivar County Sheriff's Department and were acting under the direction and control of the Cleveland Police Department and/or Bolivar County Sheriff's Department.

116.    Acting under color of law and pursuant to official policy or custom, Defendants  knowingly, recklessly, or with gross negligence failed  to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Mr. Bingham by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Mr. Bingham of his constitutional and statutory rights, privileges, and immunities.

117.    Defendants had knowledge or, had they had diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

118.    Defendants directly or indirectly, under color of law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant's police officers/deputies heretofore described.

119.    As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Mr. Bingham suffered physical injury and loss of life in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Failure to Intervene)**

120.  Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

121.  At all times material hereto, Defendants Chris McCain, Michael Melton, Joe Smith, Stanley Perry, and Frank Gross had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

122.  At all times material hereto, Defendants Chris McCain Chris McCain, Michael Melton, Joe Smith, Stanley Perry, and Frank Gross were deemed with the responsibility and authority of intervening while other officers assaulted and fatally shot the unarmed Plaintiff without probable cause or justification.

123.  Consequently, Defendants breached the duty owed to Mr. Bingham. Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiff.  Furthermore, Defendants Chris McCain, Michael Melton, Joe Smith, Stanley Perry, and Frank Gross actions and/or omissions violated Bingham's constitutional rights which led to the injuries and death alleged in this Complaint.

## VI.

## DAMAGES

124.  Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

125.  Plaintiff, Latauna Hill, individually and on behalf of the heirs at law and wrongful death beneficiaries of Willie Bingham, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Willie Bingham, prays for judgment against Defendants, as follows:

26

1.      For damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

5.      For all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law.

126.    Plaintiff reserves the right to amend and state further with respect to their damages.

## VII.

## PUNITIVE DAMAGES

127.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

128.    Pursuant to Miss. Code Ann. § 11-1-65 and Title 42 U.S.C. §1983, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VIII.

## JURY TRIAL DEMANDED

129.    Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

Dated:  March 27 , 2015

Respectfully submitted,

**LATAUNA HILL**

By: /s/Dennis C. Sweet, IV
    Dennis Sweet, IV

**Of Counsel:**

Dennis C. Sweet, III, MSB # 8105
Terris C. Harris, MSB # 99433
Dennis Sweet, IV MSB #103009
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS  39201
601-965-8700 Telephone
601-965-8719 Fax

## CERTIFICATE OF SERVICE

I, Dennis C. Sweet, IV, one of the attorneys for Plaintiffs, do hereby certify that I have this date electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the ECF system, which should send notice of the filing to all attorneys of record:

This the 27th day of March , 2015.

BY:/s/ Dennis C. Sweet, IV

Dennis C. Sweet, IV