**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LATAUNA HILL, INDIVIDUALLY AND ON BEHALF
OF ALL THE HEIRS AT LAW AND WRONGFUL DEATH
BENEFICIARIES OF WILLIE LEE BINGHAM,
DECEASED**                                                        **PLAINTIFF**

**V.**                              **CIVIL ACTION NO: 4:14-CV-00086-NBB-JMV**

**BOLIVAR COUNTY, ET AL.**                              **DEFENDANT**S

---

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
BOLIVAR COUNTY, MISSISSIPPI, BOLIVAR COUNTY SHERIFF'S DEPARTMENT,
AND KELVIN WILLIAMS, SR., IN HIS OFFICIAL CAPACITY**

---

COME NOW the defendants, Bolivar County, Bolivar County Sheriff's Department, and Kelvin Williams, Sr. (in his official capacity), and file this their Answer to the Amended Complaint filed in this matter as follows:

**FIRST DEFENSE**

These defendants assert all defenses available to them as set forth in *FRCP* 12(b)(1) through 12(b)(7), along with those found in *FRCP* 8(c).

**SECOND DEFENSE**

Certain purported claims in the Amended Complaint may barred by applicable statutes of limitations.

**THIRD DEFENSE**

These defendants affirmatively state that the plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

## **FOURTH DEFENSE**

Although denying that the plaintiff is entitled to an award of punitive damages or any such extra-contractual relief whatsoever in this matter against these defendants under state and federal law, these defendants affirmatively state as follows:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and §14 of the Mississippi Constitution;

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked;

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of §14 of the Mississippi Constitution;

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

5.      An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of §28 of the Mississippi Constitution.

## FIFTH DEFENSE

The defendants are entitled to the protection of sovereign immunity from lawsuit and liability pursuant to *Miss. Code Ann*. § 11-46-1 *et seq.*, the provisions of which bar the instant claims. Additionally, these defendants assert all substantive and procedural defenses available to them pursuant to *Miss. Code Ann.* §§ 11-46-1 *et seq*., including those found in §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17. To the extent that the plaintiff's Amended Complaint may seek a jury trial on any state law claim against these defendants, these defendants move to strike any such demand.

## SIXTH DEFENSE

Without limiting any causes of action filed by the plaintiff that may be subject to dismissal by this Court pursuant to *FRCP* 12(b)(6), these defendants state that all claims by the plaintiff that they violated any right the plaintiff's deceased held under any Amendment to the United States Constitution, including the Fourth or Fourteenth Amendments, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

## SEVENTH DEFENSE

These defendants invoke all remedies and defenses available to them pursuant to the Tort Reform Acts of 2003 and 2004.

## EIGHTH DEFENSE

Bolivar County may not be held liable under 42 U.S.C. § 1983 because any deprivation of the plaintiff's deceased's constitutional rights was not caused by a county policy or custom. Bolivar County is also immune from punitive damages for claims brought the plaintiff pursuant to 42 U.S.C. § 1983.

**NINTH DEFENSE**

Without waiving the foregoing, these defendants assert that if any injuries or damages alleged in the plaintiff's Amended Complaint were incurred by the plaintiff or the plaintiff's deceased, which they deny, such injuries or damages were caused by or contributed to by the acts or omissions of the plaintiff's deceased or by others for whose acts these defendants have no liability, vicarious or otherwise.

**TENTH DEFENSE**

Without waiving the foregoing, these defendants assert that if any injuries or damages alleged in the plaintiff's Amended Complaint were incurred by the plaintiff or the plaintiff's deceased, which they deny, such injuries or damages were caused by or contributed to by independent, intervening or superseding acts or omissions of others for whose acts these defendants have no liability, vicarious or otherwise.

**ELEVENTH DEFENSE**

These defendants assert all rights they have pursuant to *Miss. Code. Ann*. § 85-5-7 (1972), as amended.

**TWELFTH DEFENSE**

These defendants plead all defenses available to them pursuant *to Heck v. Humphries*, 512 U.S. 477 (1994).

**THIRTEENTH DEFENSE**

Should the Court or jury determine that Deputy Walter Grant exercised excessive force toward the plaintiff's deceased on March 13, 2013, Grant's acts were not committed within the course and scope of his employment with the Bolivar County Sheriff's Department, they were

not in accordance with Bolivar County's adopted policies, practices or procedures, and, instead, were criminal acts.

## FOURTEENTH DEFENSE

Should the Court or jury find that Walter Grant, after the shooting occurred, placed evidence at the scene that was not present prior to the shooting, Grant's act was not committed within the course and scope of his employment with the Bolivar County Sheriff's Department, it was not in accordance with Bolivar County's adopted policies, practices or procedures, and, instead, was a criminal act.

## FIFTEENTH DEFENSE

The Bolivar County Sheriff's Department is not a separate governmental entity that is subject to suit in this action.

## RESERVATION OF DEFENSES

These defendants are without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter. However, contingent on the facts reveled by investigation and discovery, these defendants expressly reserve their right to raise any additional defenses and affirmative defenses which may be applicable.

And now having set forth their affirmative defenses, these defendants answer the plaintiff's Amended Complaint as follows:

## ANSWER

And now, answering the allegations of the Amended Complaint, paragraph by paragraph, these defendants would respond as follows.

5

## I.

## INTRODUCTION

1.      These defendants deny each and every allegation contained in paragraph 1 of the Amended Complaint.

2.      These defendants deny each and every allegation contained in paragraph 2 of the Amended Complaint.

## II.

## JURISDICTION AND VENUE

3.      These defendants deny each and every allegation contained in paragraph 3 of the Amended Complaint.

4.       These defendants deny each and every allegation contained in paragraph 4 of the Amended Complaint.

5.      These defendants deny each and every allegation contained in paragraph 5 of the Amended Complaint.

## III.

## PARTIES

6.      These defendants lack sufficient information to respond to the allegations in paragraph 6 of the Amended Complaint, and, therefore, they deny those allegations.

7.      Other than admitting that it is an entity organized and existing under the laws of the State of Mississippi, and that it may be served through its President or Clerk of the Board of Supervisors, Bolivar County denies the allegations contained in paragraph 7 of the Amended Complaint.

8.      The Bolivar County Sheriff's Department denies the allegations contained in paragraph 8 of the Amended Complaint.

9.      Sheriff Kelvin Williams, Sr. admits the allegations contained in paragraph 9 of the Amended Complaint.

10.     The allegations contained in paragraph 10 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

11.     The allegations contained in paragraph 11 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

12.     The allegations contained in paragraph 12 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

13.      The allegations contained in paragraph 13 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

14.     The allegations contained in paragraph 14 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

15.      The allegations contained in paragraph 15 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

16.     The allegations contained in paragraph 16 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

17.     The allegations contained in paragraph 17 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to those allegations.

## IV.

## FACTS

18.    Other than admitting that on March 13, 2013, Willie Bingham was a passenger in a vehicle traveling in Bolivar County, Mississippi, and that the defendant, Walter Grant, was a deputy with the Bolivar County Sheriff's Department, these defendants lack sufficient knowledge to respond to the remaining allegations in paragraph 18 of the Amended Complaint and, therefore, they deny those allegations.

19.    These defendants admit the allegations contained in paragraph 19 of the Amended Complaint.

20.    These defendants lack sufficient knowledge to respond to the allegations contained in paragraph 20 of the Amended Complaint and, as a result, they deny those allegations.

21.    Other than admitting that the Bolivar County Sheriff's Department does not provide training on how to perform pit maneuvers and, as a result, does not have any policies as to these maneuvers, these defendants deny the allegations contained in paragraph 21 of the Amended Complaint.

22.    Other than admitting that the passengers in the vehicle in which Mr. Bingham was riding exited the vehicle and ran away from the vehicle after the vehicle was stopped, these defendants lack sufficient knowledge to respond to the remaining allegations contained in paragraph 22 of the Amended Complaint and, therefore, they deny those allegations.

23.    These defendants lack sufficient knowledge to respond to the allegations contained in paragraph 23 of the Amended Complaint and, therefore, they deny those allegations.

8

24.     Other than admitting that Willie Bingham was fatally shot on March 13, 2013, by the defendant, Walter Grant, these defendants lack sufficient information to respond to the remaining allegations contained in paragraph 24 of the Amended Complaint and, therefore, they deny those allegations.

25.     To the extent that the allegations contained in paragraph 25 of the Amended Complaint attempt to interpret Mississippi criminal law, these defendants deny any allegation that is inconsistent with that law.  These defendants further lack sufficient knowledge to respond to the remaining allegations contained in paragraph 25 of the Amended Complaint and, therefore, they deny those allegations.

26.     Other than admitting that the defendant, Deputy Chris McCain, arrived at the scene where the vehicle in which Willie Bingham was riding had stopped, these defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27.     The allegations contained in paragraph 27 of the Amended Complaint do not apply to these defendants and, as a result, they are not required to respond to them.  If any of these allegations are deemed to apply to these defendants, they deny those allegations.

28.     These defendants lack sufficient information to respond to the allegations contained in paragraph 28 of the Amended Complaint and, therefore, deny those allegations.

29.     These defendants lack sufficient information to respond to the allegations contained in paragraph 29 of the Amended Complaint and, therefore, deny those allegations.

30.     These defendants lack sufficient information to respond to the allegations contained in paragraph 30 of the Amended Complaint and, therefore, deny those allegations.

31.     Other than admitting that officials with the Bolivar County Sheriff's Department called the Mississippi Bureau of Investigation and asked it to investigate the shooting of Willie Bingham soon after the shooting occurred, these defendants deny the remaining allegations contained in paragraph 31 of the Amended Complaint.

32.     Other than admitting that deputies with the Bolivar County Sheriff's Department, along with personnel and dogs requested from the LeFlore County Sheriff's Department, conducted a search for a weapon after the incident that is the subject of the plaintiff's Amended Complaint, these defendants deny the remaining allegations contained in paragraph 32 of the Amended Complaint.

33.     Other than admitting that several months after the incident in question and after Deputy Grant no longer worked for the Bolivar County Sheriff's Department, Sheriff Williams learned that an investigation by the Mississippi Attorney General's Office, along with the Mississippi Bureau of Investigations, had revealed that Deputy Grant had placed a wooden object next to the body of Willie Bingham after he was shot, these defendants deny the remaining allegations contained in paragraph 33 of the Amended Complaint.

34.     These defendants lack sufficient knowledge to respond to the allegations contained in paragraph 34 of the Amended Complaint and, as a result, they deny those allegations.

35.     Other than admitting that immediately after the incident, Deputy Grant submitted a "Use of Force Report" to the Bolivar County Sheriff's Department, these defendants deny the remaining allegations contained in paragraph 35 of the Amended Complaint.

36.     These defendants lack sufficient information to respond to the allegations contained in paragraph 36 of the Amended Complaint, and, as a result, they deny those allegations.

37.     These defendants deny each and every allegation contained in paragraph 37 that may be deemed to apply to them.

38.     To the extent that the allegations contained in paragraph 38 of the Amended Complaint seek to interpret Mississippi or Federal law, these defendants deny each allegation that is inconsistent with that law.  These defendants deny the remaining allegations contained in paragraph 38.

39.     These defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

40.     These defendants deny the allegations contained in paragraph 40 of the Amended Complaint, including those allegations contained in subparagraphs a through c of paragraph 40.

41.     These defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

42.     The allegations contained in paragraph 42 of the Amended Complaint do not appear to apply to these defendants, and, as a result, they are not required to respond to them.  If any of those allegations apply to these defendants, they deny those allegations.

43.     These defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

## V.

## CLAIMS FOR RELIEF

### NEGLIGENCE

44.     These defendants adopt their responses to paragraphs 1 through 43 in response to paragraph 44 of the Amended Complaint.

45.     These defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46.     These defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

### GROSS NEGLIGENCE

47.     These defendants adopt their responses to paragraphs 1 through 46 in response to paragraph 47 of the Amended Complaint.

48.     These defendants deny the allegations contained in paragraph 48 of the Amended Complaint.

49.     These defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50.     These defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

### NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

51.     These defendants adopt their responses to paragraphs 1 through 50 in response to paragraph 51 of the Amended Complaint.

52.     These defendants deny the allegations contained in paragraph 52 of the Amended Complaint.

53.     These defendants deny the allegations contained in paragraph 53 of the Amended Complaint, including the allegations in subparagraphs (a) through (d) of paragraph 53.

These defendants deny the allegations contained in the next unnumbered paragraph of the Amended Complaint.

## RES IPSA LOQUITUR

54.     These defendants adopt their responses to paragraphs 1 through 53 in response to paragraph 54 of the Amended Complaint.

55.     These defendants deny the allegations contained in paragraph 55 of the Amended Complaint.

56.     These defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57.     These defendants deny the allegations contained in paragraph 57 of the Amended Complaint.

58.     These defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59.     These defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

60.     These defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

## RECKLESS DISREGARD

61.     These defendants adopt their responses to paragraphs 1 through 60 in response to paragraph 61 of the Amended Complaint.

62.     These defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63.     These defendants deny the allegations contained in paragraph 63 of the Amended Complaint.

## VICARIOUS LIABILITY – RESPONDEAT SUPERIOR (MCTA)

64.     These defendants adopt their responses to paragraphs 1 through 63 in response to paragraph 64 of the Amended Complaint.

65.     These defendants deny the allegations contained in paragraph 65 of the Amended Complaint.

## AGENCY (MTCA)

66.     These defendants adopt their responses to paragraphs 1 through 65 in response to paragraph 66 of the Amended Complaint.

67.     These defendants deny the allegations contained in paragraph 67 of the Amended Complaint.

68.     These defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

## ASSAULT

69.     These defendants adopt their responses to paragraphs 1 through 68 in response to paragraph 69 of the Amended Complaint.

70.     These defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

71.     These defendants deny the allegations contained in paragraph 71 of the Amended Complaint.

**BATTERY**

72.     These defendants adopt their responses to paragraphs 1 through 71 in response to paragraph 72 of the Amended Complaint.

73.     These defendants deny the allegations contained in paragraph 73 of the Amended Complaint.

74.     These defendants deny the allegations contained in paragraph 74 of the Amended Complaint.

**THE COMMON LAW TORT OF OUTRAGE**

75.     These defendants adopt their responses to paragraphs 1 through 74 in response to paragraph 75 of the Amended Complaint.

76.     These defendants deny the allegations contained in paragraph 76 of the Amended Complaint.

77.     These defendants deny the allegations contained in paragraph 77 of the Amended Complaint.

**WRONGFUL DEATH**

78.     These defendants adopt their responses to paragraphs 1 through 77 in response to paragraph 78 of the Amended Complaint.

79.     These defendants deny the allegations contained in paragraph 79 of the Amended Complaint.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO
TITLE 42 U.S.C. §1983
(General Allegations)**

80.     These defendants adopt their responses to paragraphs 1 through 79 in response to paragraph 80 of the Amended Complaint.

81.     These defendants deny the allegations contained in paragraph 81 of the Amended Complaint.

82.     These defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

83.     These defendants deny the allegations contained in paragraph 83 of the Amended Complaint.

84.     These defendants deny the allegations contained in paragraph 84 of the Amended Complaint.

85.     These defendants deny the allegations contained in paragraph 85 of the Amended Complaint.

86.     These defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

87.     These defendants deny the allegations contained in paragraph 87 of the Amended Complaint.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983

## (*MONELL* CLAIM AGAINST DEFENDANTS BOLIVAR COUNTY AND CITY CLEVELAND, MISSISSIPPI

88.     These defendants adopt their responses to paragraphs 1 through 87 in response to paragraph 88 of the Amended Complaint.

89.     These defendants deny the allegations contained in paragraph 89 of the Amended Complaint that apply to them.

90.     These defendants deny the allegations contained in paragraph 90 of the Amended Complaint that apply to them.

91.     These defendants deny the allegations contained in paragraph 91 of the Amended Complaint that apply to them.

92.     These defendants deny the allegations contained in paragraph 92 of the Amended Complaint that apply to them.

93.     These defendants deny the allegations contained in paragraph 93 of the Amended Complaint that apply to them.

94.     These defendants deny the allegations contained in paragraph 94 of the Amended Complaint that apply to them.

95.     These defendants deny the allegations contained in paragraph 95 of the Amended Complaint that apply to them.

96.     These defendants deny the allegations contained in paragraph 96 of the Amended Complaint that apply to them.

97.     These defendants deny the allegations contained in paragraph 97 of the Amended Complaint that apply to them.

98.     These defendants deny the allegations contained in paragraph 98 of the Amended Complaint that apply to them.

99.     These defendants deny the allegations contained in paragraph 99 of the Amended Complaint that apply to them.

100.     These defendants deny the allegations contained in paragraph 100 of the Amended Complaint that apply to them.

101.     These defendants deny the allegations contained in paragraph 101 of the Amended Complaint that apply to them.

102.     These defendants deny the allegations contained in paragraph 102 of the Amended Complaint that apply to them.

103.     These defendants deny the allegations contained in paragraph 103 of the Amended Complaint that apply to them.

104.     These defendants deny the allegations contained in paragraph 104 of the Amended Complaint that apply to them.

105.     These defendants deny the allegations contained in paragraph 105 of the Amended Complaint that apply to them.

106.     These defendants deny the allegations contained in paragraph 106 of the Amended Complaint that apply to them.

107.     These defendants deny the allegations contained in paragraph 107 of the Amended Complaint that apply to them.

108.     These defendants deny the allegations contained in paragraph 108 of the Amended Complaint that apply to them.

109.     These defendants deny the allegations contained in paragraph 109 of the Amended Complaint that apply to them.

110.     These defendants deny the allegations contained in paragraph 110 of the Amended Complaint that apply to them.

111.     These defendants deny the allegations contained in paragraph 111 of the Amended Complaint that apply to them.

112.     These defendants deny the allegations contained in paragraph 112 of the Amended Complaint that apply to them.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**TITLE 42 U.S.C. § 1983**
**(Refusing or Neglecting to Prevent)**

113.     These defendants adopt their responses to paragraphs 1 through 112 in response to paragraph 113 of the Amended Complaint.

114.     These defendants deny the allegations contained in paragraph 114 of the Amended Complaint that apply to them.

115.     These defendants deny the allegations contained in paragraph 115 of the Amended Complaint that apply to them.

116.     These defendants deny the allegations contained in paragraph 116 of the Amended Complaint that apply to them.

117.     These defendants deny the allegations contained in paragraph 117 of the Amended Complaint that apply to them.

118.     These defendants deny the allegations contained in paragraph 118 of the Amended Complaint that apply to them.

119.     These defendants deny the allegations contained in paragraph 119 of the Amended Complaint that apply to them.

**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Intervene)**

120.     These defendants adopt their responses to paragraphs 1 through 119 in response to paragraph 120 of the Amended Complaint.

121.     These defendants deny the allegations contained in paragraph 121 of the Amended Complaint that apply to them.

122.     These defendants deny the allegations contained in paragraph 122 of the Amended Complaint that apply to them.

123.     These defendants deny the allegations contained in paragraph 123 of the Amended Complaint that apply to them.

## VI.

## <u>DAMAGES</u>

124.     These defendants adopt their responses to paragraphs 1 through 123 in response to paragraph 124 of the Amended Complaint.

125.     These defendants deny that the plaintiff is entitled to any award of general or special damages, costs, punitive damages or any other relief against them whatsoever in this action and specifically deny that she is entitled the damages and/or relief she seeks in subparagraphs 1 through 5 of paragraph 125.

126.     These defendants deny the allegations contained in paragraph 126 of the Amended Complaint.

## VII.

## PUNITIVE DAMAGES

127.     These defendants adopt their responses to paragraphs 1 through 126 in response to paragraph 127 of the Amended Complaint.

128.     These defendants deny the allegations contained in paragraph 128 of the Amended Complaint and specifically deny that the plaintiff is entitled to any award of punitive damages against them whether under state of federal law.

## VIII.

## JURY TRIAL DEMANDED

129.     These defendants deny the allegations contained in paragraph 129 of the Amended Complaint.

These defendants deny the allegations contained in the last unnumbered paragraph of the Amended Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED." These defendants further deny that the plaintiff is entitled to any award of attorney's fees, prejudgment interest, post-judgment interest, costs or any damages whatsoever against them in this action.

Wherefore, premises considered, these defendants move to dismiss the plaintiff's Amended Complaint with prejudice.

This the **6th** day of April, 2015.

Respectfully submitted,

**BOLIVAR COUNTY, MISSISSIPPI, BOLIVAR COUNTY SHERIFF'S DEPARTMENT, AND KELVIN WILLIAMS, IN HIS OFFICIAL CAPACITY**

BY: _/s/  Rebecca B. Cowan_
         Rebecca B. Cowan #7735

OF COUNSEL:

CURRIE, JOHNSON, GRIFFIN & MYERS, P.A.
1044 River Oaks Drive
P.O. Box 750
Jackson, MS 39205-0750
(601) 969-1010
(601) 969-5120 (fax)
ecurrie@curriejohnson.com
bcowan@curriejohnson.com

## <u>CERTIFICATE OF SERVICE</u>

   I, Rebecca B. Cowan, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system a true and correct copy of the foregoing document, who sent notification of such filing to the following:

     Dennis C. Sweet, III, Esq.
     Dennis Charles Sweet, IV, Esq.
     Terris C. Harris, Esq.
     SWEET & ASSOCIATES P.A.
     Post Office Box 1178
     Jackson, MS  39215
     Dennis.sweet@sweetandassociates.net
     Dennis.sweetiv@sweetandassociates.net
     terris@sweetandassociates.net

     J. Lawson Hester, Esquire
     Jason Edward Dare
     WYATT, TARRANT & COMBS, LLP – Jackson
     P. O. Box 16089
     4450 Old Canton Road, Suite 210
     Jackson, MS  39263-6089
     lhester@wyattfirm.com
     jdare@wyattfirm.com

This the **6**[th] day of April, 2015.

        /s/  Rebecca B. Cowan
        Rebecca B. Cowan

23