**IN THE UNITED STATE DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LATUANA HILL, INDIVIDUALLY**                                    **PLAINTIFF**
**AND ON BEHALF OF ALL THE HEIRS**
**AT LAW AND WRONGFUL DEATH**
**BENEFICIARIES OF WILLIE LEE BINGHAM,**
**DECEASED**

**vs.**                                            **Cause No. 4:14cv86-NBB-JMV**

**BOLIVAR COUNTY; BOLIVAR**
**COUNTY SHERIFF'S DEPARTMENT;**
**KEVIN WILLIAMS, SR. (In his official capacity);**
**DEPUTY SHERIFF WALTER GRANT**
**(In his individual and official capacity);**
**DEPUTY SHERIFF CHRIS MCAIN (In his individual**
**and official capacity); THE CITY OF CLEVELAND, MISSISSIPPI;**
**CLEVELAND POLICE DEPARTMENT; MICHAEL**
**MELTON (In his individual and official capacity);**
**JOE SMITH (In his individual and official capacity); and**
**FRANK GOSS (In his individual and official capacity)**            **DEFENDANTS**
_____

**ANSWER AND DEFENSES OF DEFENDANT, DEPUTY WALTER GRANT, IN HIS**
**INDIVIDUAL CAPACITY, TO PLAINTIFF'S [75] FIRST AMENDED COMPLAINT**
_____

**NOW COMES** Defendant, Deputy Sheriff Walter Grant, in his individual capacity, by

and through counsel, and files this, his Answer and Defenses to Plaintiff's First Amended

Complaint filed in the above styled and numbered cause, as follows:

**FIRST DEFENSE**

This Defendant specifically asserts and invokes all defenses available to him as set

forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual

basis exists or may exist in his favor.

**SECOND DEFENSE**

This Defendant affirmatively asserts and invokes all substantive and procedural defenses available to him for which a good faith legal and/or factual basis exists or may exist in his favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq.*, specifically including MISS. CODE ANN. §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17 as to Plaintiff's state law claims, if any. To the extent that Plaintiff's First Amended Complaint, or any subsequently filed pleading, may seek a trial by jury on state law claims against this Defendant, Deputy Grant, in his individual capacity, moves this Court to strike any such jury demand on the basis that the same is prohibited by the aforesaid statutes.

**THIRD DEFENSE**

This Defendant possesses qualified, absolute and/or sovereign immunity herein from suit and/or liability and/or damages.

**FOURTH DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

This Defendant did not breach any duty owed to Plaintiff and/or Plaintiff's decedent, Willie Bingham, nor did he violate any right or privilege of Willie Bingham and is, therefore, not liable in damages.

**SIXTH DEFENSE**

This Defendant, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and Deputy Grant is not guilty of

tortious conduct or omission. The actions taken by this Defendant, if any, were taken in good faith and in good faith reliance upon then existing law.

## SEVENTH DEFENSE

The matters set forth in the First Amended Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

## EIGHTH DEFENSE

As a matter of law, Plaintiff is not entitled to any relief from Deputy Grant.

## NINTH DEFENSE

This Defendant hereby specifically pleads that if the allegations of the First Amended Complaint are true in any respect, which is denied, Plaintiff and/or Plaintiff's decedent, Willie Bingham, may be guilty of either contributory negligence or affirmative conduct in connection with the events about which Plaintiff complains. To the extent events that form the subject matter of Plaintiff's First Amended Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff and/or Willie Bingham, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

## TENTH DEFENSE

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which this Defendant is neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to Deputy Grant.

## ELEVENTH DEFENSE

Plaintiff lacks standing to bring the instant litigation.

**TWELFTH DEFENSE**

This Defendant affirmatively assert and invoke any and all available defenses, limitations and caps set forth in the Americans with Disability Act / Rehabilitation Act.

**THIRTEENTH DEFENSE**

Some or all of the claims in Plaintiff's First Amended Complaint are barred by the applicable statute of limitations, including the three year statute of limitations under Miss. Code Ann. § 15-1-49, the one year statute of limitations under Miss. Code Ann. § 15-1-35, and the one year statute of limitations under Miss. Code Ann. § 11-46-11.

**FOURTEENTH DEFENSE**

**NOW COMES** Defendant, Deputy Sheriff Walter Grant, in his individual capacity, by and through counsel, and states that unless specifically admitted herein, this Defendant denies any and all allegations of the First Amended Complaint.

**FIFTEENTH DEFENSE**

For answers to the allegations of the First Amended Complaint, Defendant, Deputy Sheriff Walter Grant, in his individual capacity, states:

**I.  INTRODUCTION**

1.      In response to ¶ 1 of Plaintiff's First Amended Complaint, Grant admits that Plaintiff has alleged a wrongful death claim in the First Amended Complaint.  Except where otherwise specifically admitted herein, the allegations in ¶ 1 of Plaintiff's First Amended Complaint are denied.

2.      In response to ¶ 2 of Plaintiff's First Amended Complaint, Grant admits that Plaintiff has alleged claims brought pursuant to § 1983 in the First Amended Complaint.

4

Except where otherwise specifically admitted herein, the allegations in ¶ 2 of Plaintiff's First Amended Complaint are denied.

## II.    JURISDICTION & VENUE

3.      In response to ¶ 3 of Plaintiff's First Amended Complaint, Grant admits that federal question jurisdiction exists herein.  Except where otherwise specifically admitted herein, the allegations in ¶ 3 of Plaintiff's First Amended Complaint are denied.

4.      In response to ¶ 4 of Plaintiff's First Amended Complaint, Grant admits that venue is proper with this Court.  Except where otherwise specifically admitted herein, the allegations in ¶ 4 of Plaintiff's First Amended Complaint are denied.

5.      As the allegations of ¶ 5 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 5 do pertain or relate to this Defendant, same are denied.

## III.    PARTIES

6.      This Defendant is without sufficient information and/or belief to admit or deny the allegations in ¶ 6 of Plaintiff's First Amended Complaint related to Plaintiff's residency, accordingly denies said allegation.   Except where otherwise specifically admitted herein, the allegations in ¶ 6 of Plaintiff's First Amended Complaint are denied.

7.      In response to ¶ 7 of Plaintiff's First Amended Complaint, Grant admits that Bolivar County, Mississippi is a political subdivision of the State of Mississippi.  Except where otherwise specifically admitted herein, the allegations in ¶ 7 of Plaintiff's First Amended Complaint are denied.

8.      The allegations in ¶ 8 of Plaintiff's First Amended Complaint are denied.

9.     As the allegations of ¶ 9 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 9 do pertain or relate to this Defendant, he responds that upon best information and belief, Sheriff Williams is a resident of Bolivar County, Mississippi.  Except where otherwise specifically admitted herein, the allegations in ¶ 9 of Plaintiff's First Amended Complaint are denied.

10.     In response to ¶ 10 of Plaintiff's First Amended Complaint, Grant admits that he is a resident of Bolivar County, Mississippi.  Except where otherwise specifically admitted herein, the allegations in ¶ 10 of Plaintiff's First Amended Complaint are denied.

11.     As the allegations of ¶ 11 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 11 do pertain or relate to this Defendant, same are denied.

12.     As the allegations of ¶ 12 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 12 do pertain or relate to this Defendant, same are denied.

13.     As the allegations of ¶ 13 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 13 do pertain or relate to this Defendant, same are denied.

14.     As the allegations of ¶ 14 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the

extent that the allegations in Plaintiff's First Amended Complaint ¶ 14 do pertain or relate to this Defendant, same are denied.

16. As the allegations of ¶ 15 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations. To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 15 do pertain or relate to this Defendant, same are denied.

16. As the allegations of ¶ 16 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations. To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 16 do pertain or relate to this Defendant, same are denied.

17. As the allegations of ¶ 17 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations. To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 17 do pertain or relate to this Defendant, same are denied.

## IV.    FACTS

18. In response to ¶ 18 of Plaintiff's First Amended Complaint, Grant admits that he was a deputy with the Bolivar County Sheriff's Department on March 13, 2013. Except where otherwise specifically admitted herein, the allegations in ¶ 18 of Plaintiff's First Amended Complaint are denied.

19. In response to ¶ 19 of Plaintiff's First Amended Complaint, Grant admits that Chris McCain was a deputy with the Bolivar County Sheriff's Department on March 13, 2013. Except where otherwise specifically admitted herein, the allegations in ¶ 19 of Plaintiff's First Amended Complaint are denied.

20.     The allegations in ¶ 20 of Plaintiff's First Amended Complaint are denied.

21.     As the allegations of ¶ 21 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 21 do pertain or relate to this Defendant, same are denied.

22.     In response to ¶ 22 of Plaintiff's First Amended Complaint, Grant admits that upon information and belief, Bingham and the other individuals ran from law enforcement officers.  Except where otherwise specifically admitted herein, the allegations in ¶ 22 of Plaintiff's First Amended Complaint are denied.

23.     The allegations in ¶ 23 of Plaintiff's First Amended Complaint are denied.

24.     The allegations in ¶ 24 of Plaintiff's First Amended Complaint are denied.

25.     The allegations in ¶ 25 of Plaintiff's First Amended Complaint are denied.

26.     As the allegations of ¶ 26 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 26 do pertain or relate to this Defendant, same are denied.

27.     As the allegations of ¶ 27 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 27 do pertain or relate to this Defendant, same are denied.

28.     The allegations in ¶ 28 of Plaintiff's First Amended Complaint are denied.

29.     The allegations in ¶ 29 of Plaintiff's First Amended Complaint are denied.

30.     The allegations in ¶ 30 of Plaintiff's First Amended Complaint are denied.

31.     As the allegations of ¶ 31 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 31 do pertain or relate to this Defendant, same are denied.

32.     As the allegations of ¶ 32 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 32 do pertain or relate to this Defendant, same are denied.

33.     As the allegations of ¶ 33 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 33 do pertain or relate to this Defendant, same are denied.

34.     The allegations in ¶ 34 of Plaintiff's First Amended Complaint are denied.

35.     The allegations in ¶ 35 of Plaintiff's First Amended Complaint are denied.

36.     The allegations in ¶ 36 of Plaintiff's First Amended Complaint are denied.

37.     The allegations in ¶ 37 of Plaintiff's First Amended Complaint are denied.

38.     In response to the allegations in ¶ 38 of Plaintiff's First Amended Complaint, Grant admits that he is subject to the rules, laws and regulations applicable to a deputy sheriff and that he complied with any and all applicable rules, laws and regulations.  Except where otherwise specifically admitted herein, the allegations in ¶ 38 of Plaintiff's First Amended Complaint are denied.

39.     The allegations in ¶ 39 of Plaintiff's First Amended Complaint are denied.

9

40.      The allegations in ¶ 40 of Plaintiff's First Amended Complaint, including but not limited to subsections and/or subparagraphs (a.) through (c.), are denied.

41.      As the allegations of ¶ 41 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 41 do pertain or relate to this Defendant, same are denied.

42.      As the allegations of ¶ 42 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 42 do pertain or relate to this Defendant, same are denied.

43.      In response to ¶ 43 of Plaintiff's First Amended Complaint, Grant admits that he was a deputy with the Bolivar County Sheriff's Department on March 13, 2013.  Except where otherwise specifically admitted herein, the allegations in ¶ 43 of Plaintiff's First Amended Complaint are denied.

## V.      CLAIMS FOR RELIEF

### NEGLIGENCE

44.      In response to ¶ 44 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-43 *supra*.

45.      In response to the allegations in ¶ 45 of Plaintiff's First Amended Complaint, Grant admits that he is subject to the rules, laws and regulations applicable to a deputy sheriff and that he complied with any and all applicable rules, laws and regulations.  Except where otherwise specifically admitted herein, the allegations in ¶ 45 of Plaintiff's First Amended Complaint are denied.

46.     The allegations in ¶ 46 of Plaintiff's First Amended Complaint are denied.

## GROSS NEGLIGENCE

47.     In response to ¶ 47 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-46 *supra*.

48.     The allegations in ¶ 48 of Plaintiff's First Amended Complaint are denied.

49.     The allegations in ¶ 49 of Plaintiff's First Amended Complaint are denied.

50.     The allegations in ¶ 50 of Plaintiff's First Amended Complaint are denied.

## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

51.     In response to ¶ 51 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-50 *supra*.

52.     As the allegations of ¶ 52 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 52 do pertain or relate to this Defendant, same are denied.

53.     As the allegations of ¶ 53 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 53, including but not limited to subsections and/or subparagraphs (a.) through (d.), as well as the unnumbered paragraph under subsection 53(d), pg. 12, do pertain or relate to this Defendant, same are denied.

## RES IPSA LOQUITUR

54.     In response to ¶ 54 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-53 *supra*.

55.     The allegations in ¶ 55 of Plaintiff's First Amended Complaint are denied.

56.     The allegations in ¶ 56 of Plaintiff's First Amended Complaint are denied.

57.     The allegations in ¶ 57 of Plaintiff's First Amended Complaint are denied.

58.     The allegations in ¶ 58 of Plaintiff's First Amended Complaint are denied.

59.     The allegations in ¶ 59 of Plaintiff's First Amended Complaint are denied.

60.     The allegations in ¶ 60 of Plaintiff's First Amended Complaint are denied.

**RECKLESS DISREGARD**

61.     In response to ¶ 61 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-60 *supra*.

62.     The allegations in ¶ 62 of Plaintiff's First Amended Complaint are denied.

63.     The allegations in ¶ 63 of Plaintiff's First Amended Complaint are denied.

**VICARIOUS LIABILITY – RESPONDEAT SUPERIOR (MTCA)**

64.     In response to ¶ 64 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-63 *supra*.

65.     In response to ¶ 65 of Plaintiff's First Amended Complaint, Grant admits that he was a deputy with the Bolivar County Sheriff's Department on March 13, 2013.  Except where otherwise specifically admitted herein, the allegations in ¶ 65 of Plaintiff's First Amended Complaint are denied.

**AGENCY (MTCA)**

66.     In response to ¶ 66 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-65 *supra*.

67.     In response to ¶ 67 of Plaintiff's First Amended Complaint, Grant admits that he was a deputy with the Bolivar County Sheriff's Department on March 13, 2013.  Except

where otherwise specifically admitted herein, the allegations in ¶ 67 of Plaintiff's First Amended Complaint are denied.

68. In response to ¶ 68 of Plaintiff's First Amended Complaint, Grant admits that he was a deputy with the Bolivar County Sheriff's Department on March 13, 2013. Except where otherwise specifically admitted herein, the allegations in ¶ 68 of Plaintiff's First Amended Complaint are denied.

## ASSAULT

69. In response to ¶ 69 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-68 *supra*.

70. The allegations in ¶ 70 of Plaintiff's First Amended Complaint are denied.

71. The allegations in ¶ 71 of Plaintiff's First Amended Complaint are denied.

## BATTERY

72. In response to ¶ 72 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-71 *supra*.

73. The allegations in ¶ 73 of Plaintiff's First Amended Complaint are denied.

74. The allegations in ¶ 74 of Plaintiff's First Amended Complaint are denied.

## THE COMMON LAW TORT OF OUTRAGE

75. In response to ¶ 75 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-74 *supra*.

76. The allegations in ¶ 76 of Plaintiff's First Amended Complaint are denied.

77. The allegations in ¶ 77 of Plaintiff's First Amended Complaint are denied.

**WRONGFUL DEATH**

78.     In response to ¶ 78 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-77 *supra*.

79.     The allegations in ¶ 79 of Plaintiff's First Amended Complaint are denied.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO
TITLE 42 U.S.C. § 1983
(General Allegations)**

80.     In response to ¶ 80 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-79 *supra*.

81.     The allegations in ¶ 81 of Plaintiff's First Amended Complaint are denied.

82.     In response to the allegations in ¶ 82 of Plaintiff's First Amended Complaint, Grant admits that he is subject to the rules, laws and regulations applicable to a deputy sheriff and that he complied with any and all applicable rules, laws and regulations.  Except where otherwise specifically admitted herein, the allegations in ¶ 82 of Plaintiff's First Amended Complaint are denied.

83.     The allegations in ¶ 83 of Plaintiff's First Amended Complaint are denied.

84.     The allegations in ¶ 84 of Plaintiff's First Amended Complaint are denied.

85.     The allegations in ¶ 85 of Plaintiff's First Amended Complaint are denied.

86.     The allegations in ¶ 86 of Plaintiff's First Amended Complaint are denied.

87.     The allegations in ¶ 87 of Plaintiff's First Amended Complaint are denied.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO
TITLE 42 U.S.C. § 1983**

**(*MONELL* CLAIM AGAINST DEFENDANTS BOLIVAR COUNTY AND CITY
OF CLEVELAND, MS
(Failure to Implement Appropriate Policies, Customs and Practices)**

14

88.     In response to ¶ 88 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-87 *supra*.

89.     As the allegations of ¶ 89 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 89 do pertain or relate to this Defendant, same are denied.

90.     As the allegations of ¶ 90 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 90 do pertain or relate to this Defendant, same are denied.

91.     As the allegations of ¶ 91 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 91 do pertain or relate to this Defendant, same are denied.

92.     As the allegations of ¶ 92 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 92 do pertain or relate to this Defendant, same are denied.

93.     As the allegations of ¶ 93 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 93 do pertain or relate to this Defendant, same are denied.

94.     As the allegations of ¶ 94 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 94 do pertain or relate to this Defendant, same are denied.

95.     As the allegations of ¶ 95 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 95 do pertain or relate to this Defendant, same are denied.

96.     As the allegations of ¶ 96 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 96 do pertain or relate to this Defendant, same are denied.

97.     As the allegations of ¶ 97 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 97 do pertain or relate to this Defendant, same are denied.

98.     As the allegations of ¶ 98 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 98 do pertain or relate to this Defendant, same are denied.

99.     As the allegations of ¶ 99 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the

extent that the allegations in Plaintiff's First Amended Complaint ¶ 99 do pertain or relate to this Defendant, same are denied.

100.     The allegations in ¶ 100 of Plaintiff's First Amended Complaint are denied.

101.     As the allegations of ¶ 101 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 101 do pertain or relate to this Defendant, same are denied.

102.     As the allegations of ¶ 102 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 102 do pertain or relate to this Defendant, same are denied.

103.     As the allegations of ¶ 103 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 103 do pertain or relate to this Defendant, same are denied.

104.     As the allegations of ¶ 104 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 104 do pertain or relate to this Defendant, same are denied.

105.     As the allegations of ¶ 105 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 105 do pertain or relate to this Defendant, same are denied.

106.    As the allegations of ¶ 106 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 106 do pertain or relate to this Defendant, same are denied.

107.    As the allegations of ¶ 107 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 107 do pertain or relate to this Defendant, same are denied.

108.    As the allegations of ¶ 108  of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 108 do pertain or relate to this Defendant, same are denied.

109.    As the allegations of ¶ 109 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 109 do pertain or relate to this Defendant, same are denied.

110.    As the allegations of ¶ 110 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 110 do pertain or relate to this Defendant, same are denied.

111.    As the allegations of ¶ 111 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the

extent that the allegations in Plaintiff's First Amended Complaint ¶ 111 do pertain or relate to this Defendant, same are denied.

112.    As the allegations of ¶ 112 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 112 do pertain or relate to this Defendant, same are denied.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**TITLE 42 U.S.C. § 1983**
**(Refusing or Neglecting to Prevent)**

113.    In response to ¶ 113 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-112 *supra*.

114.    In response to ¶ 114 of Plaintiff's First Amended Complaint, Grant admits that he was a deputy with the Bolivar County Sheriff's Department on March 13, 2013. Except where otherwise specifically admitted herein, the allegations in ¶ 114 of Plaintiff's First Amended Complaint are denied.

115.    The allegations in ¶ 115 of Plaintiff's First Amended Complaint are denied.

116.    The allegations in ¶ 116 of Plaintiff's First Amended Complaint, including but not limited to subsections and/or subparagraphs (a.) through (c.), are denied.

117.    The allegations in ¶ 117 of Plaintiff's First Amended Complaint are denied.

118.    The allegations in ¶ 118 of Plaintiff's First Amended Complaint are denied.

119.    The allegations in ¶ 119 of Plaintiff's First Amended Complaint are denied.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**TITLE 42 U.S.C. § 1983**
**(Failure to Intervene)**

120.     In response to ¶ 120 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-119 *supra*.

121.     As the allegations of ¶ 121 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 121 do pertain or relate to this Defendant, same are denied.

122.     As the allegations of ¶ 122 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 122 do pertain or relate to this Defendant, same are denied.

123.     The allegations in ¶ 123 of Plaintiff's First Amended Complaint are denied.

## VI.     DAMAGES

124.     In response to ¶ 124 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-123 *supra*.

125.     Walter Grant denies any and all allegations in ¶ 125 of Plaintiff's First Amended Complaint, including but not limited to subsection and/or subparagraphs (1.) through (5.).  This Defendant specifically denies that Plaintiff is entitled to judgment against him, or that he is liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.  This Defendant denies that Plaintiff is entitled to attorneys' fees, interest and costs and would affirmatively show that Plaintiff has no legal right under

state law to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

126.  As the allegations of ¶ 126 of Plaintiff's First Amended Complaint do not pertain to this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 126 do pertain or relate to this Defendant, same are denied.

## VII.  PUNITIVE DAMAGES

127.  In response to ¶ 127 of Plaintiff's First Amended Complaint, Grant re-alleges and restates herein the admissions and/or denials in ¶¶ 1-126 *supra*.

128.  Walter Grant denies any and all allegations in ¶ 128 of Plaintiff's First Amended Complaint.  This Defendant specifically denies that Plaintiff is entitled to judgment against him, or that he is liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.  This Defendant would affirmatively show that Plaintiff has no legal right to any award of punitive damages whatsoever, nor are such damages justified factually in this case.

## VIII.  JURY TRIAL DEMANDED

129.  As there are no allegations in ¶ 129 of Plaintiff's First Amended Complaint against this Defendant, he is not required to admit or deny said allegations.  To the extent that the allegations in Plaintiff's First Amended Complaint ¶ 129 do pertain or relate to this Defendant, same are denied.

130.    Walter Grant denies any and all allegations in the last unnumbered paragraph of Plaintiff's First Amended Complaint, page 28, beginning with the phrase "**WHEREFORE, PREMISES CONSIDERED**."  This Defendant specifically denies that Plaintiff is entitled to judgment against him, or that he is liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever or for damages of any type, specifically including punitive, compensatory, incidental and consequential damages and/or actual in nature, or of any kind or quantum whatsoever.  This Defendant denies that Plaintiff is entitled to attorneys' fees, interest and costs and would affirmatively show that Plaintiff has no legal right to any award of punitive damages whatsoever, nor are such damages justified factually in this case.  Moreover, this Defendant would specifically deny that Plaintiff is entitled to any joint and several liability instruction.

**AND NOW**, having fully addressed the specific paragraphs in the Plaintiff's First Amended Complaint, and having denied any and all liability herein, Deputy Sheriff Walter Grant, in his individual capacity, sets forth the following Special Affirmative Matters:

### FIRST AFFIRMATIVE DEFENSE

Individually, Walter Grant is entitled to qualified immunity and/or absolute immunity from suit and/or liability herein.

### SECOND AFFIRMATIVE DEFENSE

This Defendant is entitled to, and hereby asserts all rights, privileges, and immunities otherwise available to a governmental or state actor.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Grant and should be dismissed with prejudice.

## FOURTH AFFIRMATIVE DEFENSE

At all times, Grant acted in good faith reliance upon then existent law and is, therefore, entitled to immunity or a special good faith defense.

## FIFTH AFFIRMATIVE DEFENSE

At all times complained of, Grant acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and is not guilty of wrongful or tortious conduct.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant possesses immunity to Plaintiff herein and specifically asserts all rights, defenses, privileges, and immunities available to him under applicable state and federal law. This Defendant invokes and asserts all rights, privileges and immunities available to him as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff's First Amended Complaint, with amendments, if any, purports to state a cause of action against Grant based upon any state law theory, this Defendant possesses immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq*. by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's First Amended Complaint, with amendments, if any, seeks any award or assessment of punitive damages against Grant, such award would be contrary

to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Additionally, Plaintiff's claim for punitive damages of, from or against Grant is barred by federal common law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or Plaintiff's decedent, Willie Bingham, suffered no loss or deprivation of any rights, privileges, or immunities afforded them by the United States Constitution or applicable federal or state law.

## TENTH AFFIRMATIVE DEFENSE

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiff and/or Plaintiff's decedent, Willie Bingham, if any, was not proximately caused by any official policy, practice or custom of Bolivar County, and Plaintiff's and/or Plaintiff's decedent's alleged loss, damage or deprivation was not the proximate result of the

execution of any official governmental policy, custom or practice attributable to Bolivar County and/or Grant, in his official capacities.

## ELEVENTH AFFIRMATIVE DEFENSE

This Defendant would show that the factual allegations of Plaintiff's First Amended Complaint, and the conduct complained of therein, do not violate any clearly established statutory or constitutional rights of Plaintiff and/or Plaintiff's decedent, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, Grant is not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by him.

## TWELFTH AFFIRMATIVE DEFENSE

No action or inaction on the part of Grant, if any, proximately caused any harm, loss or deprivation to Plaintiff and/or Plaintiff's decedent. At all times complained of, this Defendant acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, this Defendant's conduct, if any, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations do not arise to the level of a constitutional tort.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant fulfilled any and all legal duties owed by him, if any, to Plaintiff and/or Plaintiff's decedent.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the requirements of the Mississippi Tort Reform Act and Mississippi Civil Justice Reform Act, as codified, and accordingly, any and all state law claims must be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant complied with all applicable standards of care.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff and/or Plaintiff's decedent are guilty of comparative fault and Plaintiff's recovery must be limited accordingly.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This Defendant invokes and asserts all protections, defenses, limitations, caps and immunities set forth in the Mississippi Tort Claims Act and the Mississippi Tort Reform Act, as codified in the Mississippi Code.

## NINETEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to plead and hereby specifically asserts, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations and waiver.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's and/or Plaintiff's decedent's alleged damages, losses and/or injuries, if any, are the proximate result of their own actions and/or omissions, or those of other persons for whom Grant is neither liable nor responsible. Plaintiff's recovery should be barred or alternatively, reduced under principles of comparative fault.

26

## TWENTY-FIRST AFFIRMATIVE DEFENSE

This Defendant affirmatively asserts and invokes all defenses and rights available to him as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to specifically and/or appropriately plead that she is entitled to relief against Grant, pursuant to FED. R. CIV. P. 8, and accordingly, her claims should be dismissed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This Defendant is entitled to immunity from all state law claims pursuant to the exemptions from the waiver of sovereign immunity as codified in MISS. CODE ANN. § 11-46-9.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant affirmatively asserts and invokes all defenses and rights available to him as set forth in MISS. CODE ANN. § 85-5-7, and affirmatively states that he cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and is entitled to apportionment as provided by law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant invokes and asserts all privileges and immunities afforded him under both federal and state constitutions, statutory law and common law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks any form of injunctive relief, if any, Plaintiff has not established the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This Defendant is not guilty of conduct amounting to deliberate indifference to the rights of the Plaintiff and/or Plaintiff's decedent.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the three year statute of limitations under MISS. CODE ANN. § 15-1-49, the one year statute of limitations under MISS. CODE ANN. § 15-1-35, and the one year statute of limitations under MISS. CODE ANN. § 11-46-11.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Deputy Sheriff Walter Grant, in his individual capacity, requests that Plaintiff's First Amended Complaint and this civil action be dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiff, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 10th day of April, 2015.

           **WALTER GRANT, IN HIS INDIVIDUAL
           CAPACITY – DEFENDANT**

**BY:**    _/s/ Jason E. Dare_
             **JASON E. DARE**

**OF COUNSEL:**

J. Lawson Hester (MSB No. 2394)
lhester@wyattfirm.com
Jason E. Dare (MSB No. 100973)
jdare@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone:   (601) 987-5300
Facsimile:    (601) 987-5353

## **CERTIFICATE OF SERVICE**

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent a true of and correct copy of the pleading to the following:

Dennis C. Sweet, III, Esq. (dennis.sweet@sweetandassociates.net)
Dennis Charles Sweet, IV, Esq. (dennis.sweetiv@sweetandassociates.net)
Terris C. Harris, Esq. (terris@sweetandassociates.net)
SWEET & ASSOCIATES P.A.
Post Office Box 1178
Jackson, Mississippi  39215

Rebecca B. Cowan, Esq. (bcowan@curriejohnson.com)
CURRIE, JOHNSON, GRIFFIN & MYERS, PA - Jackson
Post Office Box 750
Jackson, Mississippi 39205-0750

Daniel J. Griffith, Esq. (danny@griffithlaw.net)
GRIFFITH & GRIFFITH
P.O. Drawer 1680
123 South Court Street
Cleveland, MS 38732-1680

Jamie Ferguson Jacks, Esq. (jjacks@jlpalaw.com)
JACKS LUCIANO, P.A.
P.O. Box 1209
Cleveland, MS 38732

**THIS,** the 10th day of April, 2015.

_/s/  Jason E. Dare_
**JASON E. DARE**