**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LATAUNA HILL, INDIVIDUALLY AND ON BEHALF
OF ALL THE HEIRS AT LAW AND WRONGFUL DEATH
BENEFICIARIES OF WILLIE LEE BINGHAM,
DECEASED**                                                                              **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO: 4:14-CV-00086-NBB-JMV**

**BOLIVAR COUNTY, ET AL.**                                            **DEFENDANT**S

---

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
DEPUTY CHRIS MCAIN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES**

---

COMES NOW the defendant, Chris McCain, in his official and individual capacities, and files this his Answer and Affirmative Defenses to the *Amended Complaint* filed in this matter as follows:

**<u>FIRST DEFENSE</u>**

This defendant asserts all defenses available to him as set forth in *FRCP* 12(b)(1) through 12(b)(7), along with those found in *FRCP* 8(c).

**<u>SECOND DEFENSE</u>**

Certain purported claims by the plaintiff in the Amended Complaint may barred by applicable statutes of limitations, including *Miss. Code Ann.* §15-1-35 and §15-1-49.

**<u>THIRD DEFENSE</u>**

This defendant affirmatively states that the plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

## FOURTH DEFENSE

This defendant, at all times complained of, acted in good faith toward the plaintiff, acted without malice, acted without reckless disregard, and acted without any intent to cause the deceased's harm, and, as a result, is immune from any liability to the plaintiff under existing federal law.

## FIFTH DEFENSE

This defendant, at all times complained of in the plaintiff's complaint, did not commit any act that violated a clearly established constitutional right held by the deceased of which a reasonable person would have known.

## SIXTH DEFENSE

This defendant enjoys qualified immunity against any individual claims the plaintiff makes against him in the Amended Complaint.

## SEVENTH DEFENSE

This defendant is entitled to the protection of sovereign immunity from lawsuit and liability pursuant to *Miss. Code Ann*. § 11-46-1 *et seq.*, the provisions of which bar the instant claims based on the fact that he was acting within the course and scope of his employment during the times in question. Additionally, this defendant asserts all substantive and procedural defenses available to him pursuant to *Miss. Code Ann.* §§ 11-46-1 *et seq.*, including those found in §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17. To the extent that the plaintiff's Amended Complaint may seek a jury trial on any state law claim against this defendant, this defendant moves to strike any such demand.

## EIGHTH DEFENSE

Without limiting any causes of action filed by the plaintiff that may be subject to dismissal by this Court pursuant to *FRCP* 12(b)(6), this defendant states that all claims by the plaintiff that he violated any constitutional right the plaintiff's deceased held under any Amendment to the United States Constitution, including the Fourth or Fourteenth Amendments, fail to state a claim for which relief can be granted and should be dismissed with prejudice.

## NINTH DEFENSE

The defendant invokes all remedies and defenses available to him pursuant to the Tort Reform Acts of 2003 and 2004.

## TENTH DEFENSE

Without waiving the foregoing, this defendant asserts that if any injuries or damages alleged in the plaintiff's Amended Complaint were incurred by the plaintiff or the plaintiff's deceased, which he denies, such injuries or damages were caused by or contributed to by the acts or omissions of the plaintiff's deceased or by others for whose acts this defendant has no liability, vicarious or otherwise.

## ELEVENTH DEFENSE

Without waiving the foregoing, this defendant asserts that if any injuries or damages alleged in the plaintiff's Amended Complaint were incurred by the plaintiff or the plaintiff's deceased, which he denies, such injuries or damages were caused by or contributed to by independent, intervening or superseding acts or omissions of others for whose acts this defendant has no liability, vicarious or otherwise.

3

## TWELFTH DEFENSE

The defendant asserts all rights he has pursuant to *Miss. Code. Ann*. § 85-5-7 (1972), as amended.

## THIRTEENTH DEFENSE

Although denying that the plaintiff is entitled to an award of punitive damages or any such extra-contractual relief whatsoever in this matter against this defendant under state or federal law, this defendant affirmatively states as follows:

1.      An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and §14 of the Mississippi Constitution;

2.      No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awardable and/or, in the alternative, the provisions and procedures of Miss. Code Ann. § 11-1-65 are hereby invoked;

3.      An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and of §14 of the Mississippi Constitution;

4.      The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are, therefore, in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States;

4

5.     An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the Constitution of the United States of America and of §28 of the Mississippi Constitution.

## RESERVATION OF DEFENSES

This defendant is without knowledge or information sufficient to form a belief as to whether other defenses or affirmative defenses apply in this matter.  However, contingent on the facts reveled by investigation and discovery, this defendant expressly reserves his right to raise any additional defenses and affirmative defenses which may be applicable.

And now having set forth their affirmative defenses, this defendant answers the plaintiff's Amended Complaint paragraph by paragraph as follows:

## I.

## INTRODUCTION

1.     This defendant denies each and every allegation contained in paragraph 1 of the Amended Complaint.

2.     This defendant denies each and every allegation contained in paragraph 2 of the Amended Complaint.

## II.

## JURISDICTION AND VENUE

3.     This defendant denies each and every allegation contained in paragraph 3 of the Amended Complaint.

4.      This defendant denies each and every allegation contained in paragraph 4 of the Amended Complaint.

5

5.      This defendant lacks sufficient information to admit or deny each and every allegation contained in paragraph 5 of the Amended Complaint and, therefore, he denies those allegations.

### III.

### PARTIES

6.      This defendant lacks sufficient information to respond to the allegations contained in paragraph 6 of the Amended Complaint, and, therefore, he denies those allegations.

7.      The allegations contained in paragraph 7 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

8.      The allegations contained in paragraph 8 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

9.      The allegations contained in paragraph 9 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

10.      The allegations contained in paragraph 10 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

11.      This defendant admits the allegations contained in paragraph 11 of the Amended Complaint.

12.      The allegations contained in paragraph 12 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

13.       The allegations contained in paragraph 13 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

14.     The allegations contained in paragraph 14 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

15.      The allegations contained in paragraph 15 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

16.     The allegations contained in paragraph 16 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

17.   The allegations contained in paragraph 17 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations.

**IV.**

**<u>FACTS</u>**

18.     Other than admitting that Willie Bingham was a passenger in a motor vehicle on March 13, 2013, that traveled through Cleveland, Mississippi, that Walter Grant was a deputy with the Bolivar County Sheriff's Department on March 13, 2013, and that Walter Grant pulled behind the vehicle in which Willie Bingham was a passenger and turned on his blue lights, this defendant denies each and every allegation contained in paragraph 18 of the Amended Complaint.

19.     This defendant admits each and every allegation contained in paragraph 19 of the Amended Complaint.

20.     Other than admitting that Walter Grant, during his pursuit of the vehicle in which Willie Bingham was a passenger, bumped the rear of the vehicle, this defendant denies each and every allegation contained in paragraph 20 of the Amended Complaint.

21.     Other than admitting that the Bolivar County Sheriff's Department does not provide training on how to perform pit maneuvers and, as a result, does not have any policies as to these maneuvers, this defendants denies each and every allegation contained in paragraph 21 of the Amended Complaint.

22.     Other than admitting that the passengers in the vehicle in which Mr. Bingham was riding exited the vehicle and ran away from the vehicle after the vehicle was stopped, this defendant lacks sufficient knowledge to respond to the remaining allegations contained in paragraph 22 of the Amended Complaint and, therefore, he denies those allegations.

23.     This defendant lacks sufficient information to respond to the allegations contained in paragraph 23 of the Amended Complaint and, therefore, he denies those allegations.

24.     Other than admitting that Willie Bingham was fatally shot on March 13, 2013, by the defendant, Walter Grant, this defendant lacks sufficient information to respond to the remaining allegations contained in paragraph 24 of the Amended Complaint and, therefore, he denies those allegations.

25.     To the extent that each and every allegation contained in paragraph 25 of the Amended Complaint attempt to interpret Mississippi criminal law, this defendant denies any allegation that is inconsistent with that law.  This defendant further lacks sufficient knowledge to respond to the remaining allegations contained in paragraph 25 of the Amended Complaint and, therefore, he denies those allegations.

26.     Other than admitting that this defendant arrived at the scene where the vehicle in which Willie Bingham was riding had stopped, this defendant denies each and every remaining allegations contained in paragraph 26 of the Amended Complaint.

27.     Other than admitting that at some point in time Michael Melton, Joe Smith, Stanley Perry, and Frank Gross arrived at the scene where the vehicle in which Willie Bingham was riding had stopped, this defendant lacks sufficient knowledge to respond to the remaining allegations contained in paragraph 27 of the Amended Complaint, and, therefore, he denies those allegations.

28.     This defendant lacks sufficient information to respond to the allegations contained in paragraph 28 of the Amended Complaint and, therefore, he denies those allegations.

29.     This defendant lacks sufficient information to respond to the allegations contained in paragraph 29 of the Amended Complaint and, therefore, he denies those allegations.

30.     This defendant lacks sufficient information to respond to the allegations contained in paragraph 30 of the Amended Complaint and, therefore, he denies those allegations.

31.     This defendant lacks sufficient information to respond to the allegations contained in paragraph 31 of the Amended Complaint and, therefore, he denies those allegations.

32.     Other than admitting that he participated in a search for a gun after learning that Willie Bingham had been shot, this defendant denies each and every allegation contained in paragraph 32 of the Amended Complaint.

33.     This defendant lacks sufficient knowledge to respond to the allegations contained in paragraph 33 of the Amended Complaint and, as a result, he denies those allegations.

34.     This defendant lacks sufficient knowledge to respond to the allegations contained in paragraph 34 of the Amended Complaint and, as a result, he denies those allegations.

35.      This defendant lacks sufficient knowledge to respond to the allegations contained in paragraph 35 of the Amended Complaint and, as a result, he denies those allegations.

36.     This defendant lacks sufficient information to respond to the allegations contained in paragraph 36 of the Amended Complaint, and, as a result, he denies those allegations.

37.     The allegations contained in paragraph 37 of the Amended Complaint do not apply to this defendant and, as a result, he is not required to respond to those allegations. If any of these allegations are deemed to apply to this defendant, he denies those allegations.

38.     To the extent that the allegations contained in paragraph 38 of the Amended Complaint seek to interpret Mississippi or Federal law, this defendant denies each allegation that is inconsistent with that law. This defendant denies the remaining allegations contained in paragraph 38.

39.     This defendant denies each and every allegation contained in paragraph 39 of the Amended Complaint.

40.     This defendant denies each and every allegation contained in paragraph 40 of the Amended Complaint, including those allegations contained in subparagraphs a through c of paragraph 40.

41.     This defendant denies each and every allegation contained in paragraph 41 of the Amended Complaint.

42.     The allegations contained in paragraph 42 of the Amended Complaint do not appear to apply to this defendant, and, as a result, he is not required to respond to them. If any of those allegations are deemed to apply to this defendant, he denies those allegations.

43.     This defendant denies each and every allegation contained in paragraph 43 of the Amended Complaint.

**V.**

10

## CLAIMS FOR RELIEF

### NEGLIGENCE

44.     This defendant adopts his responses to paragraphs 1 through 43 in response to paragraph 44 of the Amended Complaint.

45.     This defendant denies each and every allegation contained in paragraph 45 of the Amended Complaint.

46.     This defendant denies each and every allegation contained in paragraph 46 of the Amended Complaint.

### GROSS NEGLIGENCE

47.     This defendant adopts his responses to paragraphs 1 through 46 in response to paragraph 47 of the Amended Complaint.

48.     This defendant denies each and every allegation contained in paragraph 48 of the Amended Complaint.

49.     The defendant denies each and every allegation contained in paragraph 49 of the Amended Complaint.

50.     The defendant denies each and every allegation contained in paragraph 50 of the Amended Complaint.

### NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

51.     This defendant adopts his responses to paragraphs 1 through 50 in response to paragraph 51 of the Amended Complaint.

52.     This defendant denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53.     This defendant denies each and every allegation contained in paragraph 53 of the Amended Complaint, including each and every allegation in subparagraphs (a) through (d) of paragraph 53.

This defendant denies each and every allegation contained in the next unnumbered paragraph of the Amended Complaint.

## RES IPSA LOQUITUR

54.     This defendant adopts his responses to paragraphs 1 through 53 in response to paragraph 54 of the Amended Complaint.

55.     This defendant denies each and every allegation contained in paragraph 55 of the Amended Complaint.

56.     This defendant denies each and every allegation contained in paragraph 56 of the Amended Complaint.

57.     This defendant denies each and every allegation contained in paragraph 57 of the Amended Complaint.

58.     This defendant denies each and every allegation contained in paragraph 58 of the Amended Complaint.

59.     This defendant denies each and every allegation contained in paragraph 59 of the Amended Complaint.

60.     This defendant denies each and every allegation contained in paragraph 60 of the Amended Complaint.

## RECKLESS DISREGARD

61.     This defendant adopts his responses to paragraphs 1 through 60 in response to paragraph 61 of the Amended Complaint.

62.     This defendant denies each and every allegation contained in paragraph 62 of the Amended Complaint.

63.     This defendant denies each and every allegation contained in paragraph 63 of the Amended Complaint.

**VICARIOUS LIABILITY – RESPONDEAT SUPERIOR (MCTA)**

64.     This defendant adopts his responses to paragraphs 1 through 63 in response to paragraph 64 of the Amended Complaint.

65.     Other than admitting that he was an employee of Bolivar County during the times in question, this defendant denies each and every remaining allegation contained in paragraph 65 of the Amended Complaint.

**AGENCY (MTCA)**

66.     This defendant adopts his responses to paragraphs 1 through 65 in response to paragraph 66 of the Amended Complaint.

67.     Other than admitting that during the times in question, he was acting within the course and scope of his employment with Bolivar County, this defendant denies each and every remaining allegation contained in paragraph 67 of the Amended Complaint.

68.     This defendant denies each and every allegation contained in paragraph 68 of the Amended Complaint.

**ASSAULT**

69.     This defendant adopts his responses to paragraphs 1 through 68 in response to paragraph 69 of the Amended Complaint.

70.     This defendant denies each and every allegation contained in paragraph 70 of the Amended Complaint.

71.     This defendant denies each and every allegation contained in paragraph 71 of the Amended Complaint.

## BATTERY

72.     This defendant adopts his responses to paragraphs 1 through 71 in response to paragraph 72 of the Amended Complaint.

73.     This defendant lacks sufficient knowledge to respond to the allegations contained in paragraph 73 of the Amended Complaint and, therefore, he denies those allegations.

74.     This defendant denies each and every allegation contained in paragraph 74 of the Amended Complaint.

## THE COMMON LAW TORT OF OUTRAGE

75.     This defendant adopts his responses to paragraphs 1 through 74 in response to paragraph 75 of the Amended Complaint.

76.     This defendant denies each and every allegation contained in paragraph 76 of the Amended Complaint.

77.     This defendant denies each and every allegation contained in paragraph 77 of the Amended Complaint.

## WRONGFUL DEATH

78.     This defendant adopts his responses to paragraphs 1 through 77 in response to paragraph 78 of the Amended Complaint.

79.     This defendant denies each and every allegation contained in paragraph 79 of the Amended Complaint.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (General Allegations)

80.     This defendant adopts his responses to paragraphs 1 through 79 in response to paragraph 80 of the Amended Complaint.

81.     This defendant denies each and every allegation contained in paragraph 81 of the Amended Complaint.

82.     This defendant denies each and every allegation contained in paragraph 82 of the Amended Complaint.

83.     This defendant denies each and every allegation contained in paragraph 83 of the Amended Complaint.

84.     This defendant denies each and every allegation contained in paragraph 84 of the Amended Complaint.

85.     This defendant denies each and every allegation contained in paragraph 85 of the Amended Complaint.

86.     This defendant denies each and every allegation contained in paragraph 86 of the Amended Complaint.

87.     This defendant denies each and every allegation contained in paragraph 87 of the Amended Complaint.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. § 1983

## (*MONELL* CLAIM AGAINST DEFENDANTS BOLIVAR COUNTY AND CITY CLEVELAND, MISSISSIPPI
### (Failure to Implement Appropriate Policies, Customs and Practices)

88.     This defendant adopts his responses to paragraphs 1 through 87 in response to paragraph 88 of the Amended Complaint.

89.     This defendant denies each and every allegation contained in paragraph 89 of the Amended Complaint.

90.     This defendant denies each and every allegation contained in paragraph 90 of the Amended Complaint.

91.     This defendant denies each and every allegation contained in paragraph 91 of the Amended Complaint.

92.     This defendant denies each and every allegation contained in paragraph 92 of the Amended Complaint.

93.     This defendant denies each and every allegation contained in paragraph 93 of the Amended Complaint.

94.     This defendant denies each and every allegation contained in paragraph 94 of the Amended Complaint.

95.     This defendant denies each and every allegation contained in paragraph 95 of the Amended Complaint.

96.     This defendant denies each and every allegation contained in paragraph 96 of the Amended Complaint.

97.     This defendant denies each and every allegation contained in paragraph 97 of the Amended Complaint.

98.     This defendant denies each and every allegation contained in paragraph 98 of the Amended Complaint.

99.     This defendant denies each and every allegation contained in paragraph 99 of the Amended Complaint.

100.    This defendant denies each and every allegation contained in paragraph 100 of the Amended Complaint.

101.    This defendant denies each and every allegation contained in paragraph 101 of the Amended Complaint.

102.    This defendant denies each and every allegation contained in paragraph 102 of the Amended Complaint.

103.    This defendant denies each and every allegation contained in paragraph 103 of the Amended Complaint.

104.    This defendant denies each and every allegation contained in paragraph 104 of the Amended Complaint.

105.    This defendant denies each and every allegation contained in paragraph 105 of the Amended Complaint.

106.    This defendant denies each and every allegation contained in paragraph 106 of the Amended Complaint.

107.    This defendant denies each and every allegation contained in paragraph 107 of the Amended Complaint.

108.    This defendant denies each and every allegation contained in paragraph 108 of the Amended Complaint.

109.    This defendant denies each and every allegation contained in paragraph 109 of the Amended Complaint.

110.    This defendant denies each and every allegation contained in paragraph 110 of the Amended Complaint.

111.    This defendant denies each and every allegation contained in paragraph 111 of the Amended Complaint.

112.    This defendant denies each and every allegation contained in paragraph 112 of the Amended Complaint.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**TITLE 42 U.S.C. § 1983**
**(Refusing or Neglecting to Prevent)**

113.    This defendant adopts his responses to paragraphs 1 through 112 in response to paragraph 113 of the Amended Complaint.

114.    This defendant denies each and every allegation contained in paragraph 114 of the Amended Complaint.

115.    This defendant denies each and every allegation contained in paragraph 115 of the Amended Complaint.

116.    This defendant denies each and every allegation contained in paragraph 116 of the Amended Complaint.

117.    This defendant denies each and every allegation contained in paragraph 117 of the Amended Complaint.

18

118.    This defendant denies each and every allegation contained in paragraph 118 of the Amended Complaint.

119.    This defendant denies each and every allegation contained in paragraph 119 of the Amended Complaint.

### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Failure to Intervene)

120.    This defendant adopts his responses to paragraphs 1 through 119 in response to paragraph 120 of the Amended Complaint.

121.    This defendant denies each and every allegation contained in paragraph 121 of the Amended Complaint.

122.    This defendant denies each and every allegation contained in paragraph 122 of the Amended Complaint.

123.    This defendant denies each and every allegation contained in paragraph 123 of the Amended Complaint.

### VI.

### DAMAGES

124.    This defendant adopts his responses to paragraphs 1 through 123 in response to paragraph 124 of the Amended Complaint.

125.    This defendant denies that the plaintiff is entitled to any award of general or special damages, costs, punitive damages or any other relief against him whatsoever in this action and specifically deny that she is entitled the damages and/or relief she seeks in subparagraphs 1 through 5 of paragraph 125.

19

126.    This defendant denies each and every allegation contained in paragraph 126 of the Amended Complaint.

## VII.

## PUNITIVE DAMAGES

127.    This defendant adopts his responses to paragraphs 1 through 126 in response to paragraph 127 of the Amended Complaint.

128.    This defendant denies each and every allegation contained in paragraph 128 of the Amended Complaint and specifically denies that the plaintiff is entitled to any award of punitive damages against him whether under state of federal law.

## VIII.

## JURY TRIAL DEMANDED

129.    This defendant denies each and every allegation contained in paragraph 129 of the Amended Complaint.

This defendant denies each and every allegation contained in the last unnumbered paragraph of the Amended Complaint beginning with the phrase "WHEREFORE, PREMISES CONSIDERED."  This defendant further denies that the plaintiff is entitled to any award of attorney's fees, prejudgment interest, post-judgment interest, costs or any damages whatsoever against him in this action.

Wherefore, premises considered, this defendant moves to dismiss the plaintiff's Amended Complaint against him with prejudice and demand his costs and attorney's fees for having to defend against the Amended Complaint.

This the 1st day of May, 2015.

                                Respectfully submitted,

                                **CHRIS MCAIN, IN HIS INDIVIDUAL
CAPACITY**

                            BY:  */s/ Rebecca B. Cowan*
                                  Rebecca B. Cowan #7735

OF COUNSEL:

CURRIE, JOHNSON, GRIFFIN & MYERS, P.A.
1044 River Oaks Drive
P.O. Box 750
Jackson, MS 39205-0750
(601) 969-1010
(601) 969-5120 (fax)
ecurrie@curriejohnson.com
bcowan@curriejohnson.com

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca B. Cowan, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system a true and correct copy of the foregoing document, who sent notification of such filing to the following:

> Dennis C. Sweet, III, Esq.
> Dennis Charles Sweet, IV, Esq.
> Terris C. Harris, Esq.
> SWEET & ASSOCIATES P.A.
> Post Office Box 1178
> Jackson, MS 39215
> Dennis.sweet@sweetandassociates.net
> Dennis.sweetiv@sweetandassociates.net
> terris@sweetandassociates.net

> J. Lawson Hester, Esquire
> Jason Edward Dare
> WYATT, TARRANT & COMBS, LLP – Jackson
> P. O. Box 16089
> 4450 Old Canton Road, Suite 210
> Jackson, MS 39263-6089
> lhester@wyattfirm.com
> jdare@wyattfirm.com

> Daniel J. Griffith, Esq.
> GRIFFITH & CARR, ATTORNEYS
> 123 South Court Street
> P.O. Drawer 1680
> Cleveland, MS 38732
> danny@griffithlaw.net

This the 1st day of May, 2015.

/s/ Rebecca B. Cowan
Rebecca B. Cowan

22