**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LATAUNA HILL, INDIVIDUALLY**                        **PLAINTIFF**
**AND ON BEHALF OF ALL THE HEIRS
AT LAW AND WRONGFUL DEATH
BENEFICIARIES OF WILLIE LEE BINGHAM
DECEASED**

**vs.**                                **CIVIL ACTION NO. 4:14-CV-86-NBB-JMV**

**BOLIVAR COUNTY; BOLIVAR COUNTY
SHERIFF'S DEPARTMENT; KELVIN WILLIAMS, SR.,
In his Official Capacity; DEPUTY SHERIFF WALTER
GRANT, In his Individual and Official Capacity; DEPUTY
SHERIFF CHRIS McCAIN, In his Individual and Official
Capacity; THE CITY OF CLEVELAND, MISSISSIPPI;
CLEVELAND POLICE DEPARTMENT; MICHAEL
MELTON, In his Individual and Official Capacity;
JOE SMITH, In his Individual and Official Capacity;
STANLEY PERRY, In his Individual and Official Capacity;
FRANK GOSS, In his Individual and Official Capacity**      **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendants, City of Cleveland, Mississippi; Cleveland Police Department;

Michael Melton, In his Individual and Official Capacity; Joe Smith, In his Individual and Official

Capacity; Stanley Perry, In his Individual and Official Capacity; and Frank Goss, in his Individual

and Official Capacity, by and through its attorney, and files its Answer and Affirmative Defenses

to the Amended Complaint filed by Plaintiff in the above-styled matter, and states as follows, to-wit:

### I. AFFIRMATIVE DEFENSES

The Amended Complaint fails to state a cause of action as to these Defendants for which

relief may be granted, including, but not limited to, the defense of qualified immunity as to all

individual Defendants; and, ***Monell v. Dept. of Social Services,*** 436 U.S. 653 (1977).

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Amended Complaint seeks relief under state law, these Defendants

1

invoke the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against any Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Unforeseeable and self-injurious criminal conduct and/or the conduct of third parties not employed by the City of Cleveland, Mississippi, was the sole cause of the death of Willie Lee Bingham. These Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp. 2003).

### FIFTH AFFIRMATIVE DEFENSE

The individual Defendants (named and un-named) in this case are entitled to qualified immunity from Plaintiff's claims. Each officer is entitled to a separate analysis and legal determination of qualified immunity in this lawsuit. Each officer is a certified law enforcement officer who was acting in the course and scope of his duties during the incident forming the basis of this lawsuit. Neither of these officers engaged in any conduct which deprived Willie Lee Bingham of any right, privilege or immunity protected by the Constitution or Laws of the United States. The conduct of each officer at issue was objectively reasonable in light of clearly established law in effect at the time of their actions in this matter. The actions of each officer were justified and arguably justifiable in light of the information each possessed and clearly established law. As such, a reasonable officer could have believed the individual actions of each officer were lawful during the incident forming the basis of this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's state law claims, these Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999). Alternatively, these

Defendants claim the protection of governmental immunity and/or sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of respondeat superior and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the City of Cleveland, Mississippi, that was the moving force behind the alleged injuries of Plaintiff's Decedent.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's failure to allege a violation of any legal duty by any Defendant bars this cause of action.

## NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with the City of Cleveland are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff's Decedent at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiff's claims are barred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of these Defendants substantially exceed his authority, nor was any legally cognizable harm to Willie Lee Bingham caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or

3

efficient superseding cause.

## TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of these Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Willie Lee Bingham, and for that reason, Plaintiff's claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

The City Defendants, and all those officers similarly situated, cannot be liable under a theory of bystander liability where they were not in the presence of the officer alleged to have used excessive force.  See Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013) (officers who were not in the presence of officer alleged to have used excessive force were "not bystanders for purposes of a bystander liability claim.").

## FOURTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Willie Lee Bingham and/or criminal acts of third parties acting in concert with Willie Lee Bingham constitute the sole proximate cause of any injuries he allegedly sustained, and of any damages allegedly resulting therefrom.  Moreover, the injuries/damages, if any, of Plaintiff was not foreseeable to these Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against the City of Cleveland, nor the named Defendants in their official capacity under §1983 or state law.  These Defendants further invoke the safeguards

4

of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

## SEVENTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by these Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under §1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom at issue. The instant claims fail as a matter of law.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants are not responsible for any condition of Willie Lee Bingham that pre-existed the events that made the basis of this Amended Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants reserve and incorporate herein by reference any and all affirmative matter asserted by the co-defendant herein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is prohibited by the due process clause of the Fourteenth Amendment of the United States Constitution and by Article 3, Section 14 of the Mississippi Constitution.

Imposition of punitive damages against the City Defendants in this case would deprive these Defendants of rights secured to it by the due process clause of the Fourteenth Amendment of the United States Constitution for the following reasons:

(a) The procedures may result in the award of joint and several judgments against multiple

defendants for difference alleged acts of wrongdoing;

(b) The procedures fail to provide means for awarding separate judgments against multiple defendants;

(c) The procedures fail to provide a limit on the amount of the award against this Defendant;

(d) The procedures fail to provide specific standards for the award of punitive damages;

(e) The procedures fail to provide specific standards for the amount of the award of punitive damages;

(f) The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

(g) The procedures permit multiple awards of punitive damages for the same alleged conduct;

(h) The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages;

(i) The procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

(j) The standard of conduct upon which punitive damages are sought is vague, and fails to give adequate notice of the conduct prescribed.

For the reasons stated above, imposition of punitive damages against City Defendants in this cause would deprive these Defendants of rights secured to it by Article 3, Section 14 of the Mississippi Constitution.

## II. ANSWER

**AND NOW,** having plead their affirmative defenses and without waiving same, the City Defendants answer those allegations of the Plaintiff's Amended Complaint which require an answer as follows:

6

1.  The City Defendants admit the instant case is controlled in part by Mississippi's Wrongful Death Statute. The remaining allegations of Paragraph 1 of the Amended Complaint do not apply to the City Defendants and are denied.

2.  The City Defendants deny the allegations of Paragraph 2 of the Amended Complaint.

3.  The City Defendants admit that this Court has federal question jurisdiction over Plaintiff's Amended Complaint.

4.  The City Defendants admit that this the Northern District of Mississippi has venue over this civil action, but reserve the right to petition for transfer pending further publicity regarding the incident which is the subject of Plaintiff's Amended Complaint.

5.  The allegations of Paragraph 5 of the Amended Complaint do not apply to the City Defendants and are denied. Affirmatively, no state law claims may proceed as to the City Defendants under authority of *Miss. Code Ann.* §11-46-11, and/or expiration of the applicable one-year statute of limitations applicable to intentional torts.

6.  The City Defendants admit the allegations of Paragraph 6 of the Amended Complaint on information and belief.

7.  The allegations of Paragraph 7 of the Amended Complaint do not apply to the City Defendants, but are admitted on information and belief.

8.  The allegations of Paragraph 8 of the Amended Complaint do not apply to the City Defendants, but are admitted on information and belief.

9.  The allegations of Paragraph 9 of the Amended Complaint do not apply to the City Defendants, but are admitted on information and belief.

10. The allegations of Paragraph 10 of the Amended Complaint do not apply to the City Defendants, but are admitted on information and belief.

11.     The allegations of Paragraph 11 of the Amended Complaint do not apply to the City Defendants, but are admitted on information and belief.

12.     The City of Cleveland Police Department is not a cognizable entity for suit under either state law or §1983. The City of Cleveland is a code charter municipality who may be served via service of process on its Mayor.

13.     The City Defendants admit the allegations of Paragraph 13 of the Amended Complaint.

14.     The City Defendants admit the allegations of Paragraph 14 of the Amended Complaint.

15.     The City Defendants admit the allegations of Paragraph 15 of the Amended Complaint.

16.     The City Defendants admit the allegations of Paragraph 16 of the Amended Complaint.

17.     The City Defendants admit the allegations of Paragraph 17 of the Amended Complaint.

18.     The allegations of Paragraph 18 of the Amended Complaint do not apply to the City Defendants, but are admitted on information and belief other than the mis-characterization "the vehicle continued driving for a brief period of time".

19.     The allegations of Paragraph 19 of the Amended Complaint do not apply to the City Defendants, but are admitted on information and belief.

20.     The allegations of Paragraph 20 of the Amended Complaint do not apply to the City Defendants, but are denied on information and belief.

21.     The allegations of Paragraph 21 of the Amended Complaint do not apply to the City Defendants, but are denied on information and belief.

22.     The allegations of Paragraph 22 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterization of the suspects' abandoning their vehicle and fleeing on foot is denied.

23.     The allegations of Paragraph 23 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterization of the shooting of Mr. Bingham by BCSO Deputy Grant is denied. Affirmatively, Mr. Bingham (the decedent) and BCSO Deputy Grant were the only witnesses to anything other than the sound of a single gunshot. This does not present a cognizable claim under clearly established law.

24.     The allegations of Paragraph 24 of the Amended Complaint do not apply to the City Defendants, but are denied on information and belief.

25.     The allegations of Paragraph 25 of the Amended Complaint do not apply to the City Defendants, but are denied on information and belief.

26.     The allegations of Paragraph 26 of the Amended Complaint do not apply to the City Defendants, but are denied on information and belief as BCSO Deputy McCain was in a different location with the abandoned suspect vehicle and the driver of the abandoned suspect vehicle at the time a single gunshot was heard.

27.     The allegations of Paragraph 27 of the Amended Complaint are denied. City Officer Goss [incorrectly named as Gross] was assisting BCSO Deputy McCain with the captured driver of the abandoned suspect vehicle at the time a single gunshot was heard. City Officers Smith and Perry were at a different location apprehending another passenger of the suspect vehicle who had fled from the scene on foot at the time a single gunshot was heard. City Officer Melton was in the process of exiting his vehicle at the time a single gunshot was heard. Neither of the named City Defendants had the ability to intervene and were not aware of a cover-up, if any.

This does not present a cognizable claim under clearly established law.

28.     The allegations of Paragraph 28 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

29.     The allegations of Paragraph 29 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

30.     The allegations of Paragraph 30 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

31.     The allegations of Paragraph 31 of the Amended Complaint do not apply to the City Defendants, but on information and belief proper protocol with most law enforcement entities in Mississippi is to request an outside investigation of an officer involved shooting through MBI.

32.     The allegations of Paragraph 32 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

33.     The allegations of Paragraph 33 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

34.     The allegations of Paragraph 34 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

35.     The allegations of Paragraph 35 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

36.     The allegations of Paragraph 36 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

37.     The allegations of Paragraph 37 of the Amended Complaint do not apply to the City Defendants, but Plaintiff's characterizations are denied on information and belief.

38.     The allegations of Paragraph 38 of the Amended Complaint attempt to characterize

the duty of a law enforcement officer under the 4th Amendment to the United States Constitution with regard to the use of deadly force. Neither of the City Defendants used any amount of force with regard to Mr. Bingham. Neither of the City Defendants were in a position to intervene in the shooting and the sole suspects handled by CPD Officers were felony suspects arrested upon probable cause without incident. These individuals are not even parties to this claim. Where a police officer makes an arrest on the basis of oral statements by fellow officers, an officer will be entitled to qualified immunity from liability in a civil rights suit for unlawful arrest provided it was objectively reasonable for him to believe, on the basis of the statements, that probable cause for the arrest existed. The allegations of Paragraph 38 of the Amended Complaint are denied. This does not present a cognizable claim under clearly established law.

39. The allegations of Paragraph 39 of the Amended Complaint are denied.

40. The allegations of Paragraph 40 of the Amended Complaint, including sub-parts, are denied.

41. The allegations of Paragraph 41 of the Amended Complaint do not apply to the City Defendants, but are denied on information and belief as BCSO Deputy McCain was in a different location with the abandoned suspect vehicle and the driver of the abandoned suspect vehicle at the time a single gunshot was heard.

42. The allegations of Paragraph 42 of the Amended Complaint are denied. City Officer Goss [incorrectly named as Gross] was assisting BCSO Deputy McCain with the captured driver of the abandoned suspect vehicle at the time a single gunshot was heard. City Officers Smith and Perry were at a different location apprehending another passenger of the suspect vehicle who had fled from the scene on foot at the

11

time a single gunshot was heard. City Officer Melton was in the process of exiting his vehicle at the time a single gunshot was heard. Neither of the named City Defendants had the ability to intervene and were not aware of a cover-up, if any. This does not present a cognizable claim under clearly established law.

43. The respective individual City Defendants are all certified law enforcement officers. The allegations of Paragraph 43 of the Amended Complaint are otherwise inapplicable to the City Defendants and/or denied to the extent a response is required.

44. The allegations of Paragraph 44 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

45. The allegations of Paragraph 45 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

46. The allegations of Paragraph 46 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

47. The allegations of Paragraph 47 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

48. The allegations of Paragraph 48 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

49. The allegations of Paragraph 49 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

50. The allegations of Paragraph 50 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

51. The allegations of Paragraph 51 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

52. The allegations of Paragraph 52 of the Amended Complaint are inapplicable to the

City Defendants and/or denied to the extent a response is required.

53. The allegations of Paragraph 53 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

54. The allegations of Paragraph 54 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

55. The allegations of Paragraph 55 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

56. The allegations of Paragraph 56 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

57. The allegations of Paragraph 57 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

58. The allegations of Paragraph 58 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

59. The allegations of Paragraph 59 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

60. The allegations of Paragraph 60 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

61. The allegations of Paragraph 61 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

62. The allegations of Paragraph 62 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

63. The allegations of Paragraph 63 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

64. The allegations of Paragraph 64 of the Amended Complaint are inapplicable to the

City Defendants and/or denied to the extent a response is required.

65.     The allegations of Paragraph 65 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

66.     The allegations of Paragraph 66 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

67.     The allegations of Paragraph 67 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

68.     The allegations of Paragraph 68 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

69.     The allegations of Paragraph 69 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

70.     The allegations of Paragraph 70 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

71.     The allegations of Paragraph 71 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

72.     The allegations of Paragraph 72 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

73.     The allegations of Paragraph 73 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

74.     The allegations of Paragraph 74 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

75.     The allegations of Paragraph 75 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

76.     The allegations of Paragraph 76 of the Amended Complaint are inapplicable to the

City Defendants and/or denied to the extent a response is required.

77. The allegations of Paragraph 77 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

78. The allegations of Paragraph 78 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

79. The allegations of Paragraph 79 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

80. The allegations of Paragraph 80 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

81. The allegations of Paragraph 81 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

82. The allegations of Paragraph 82 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

83. The allegations of Paragraph 83 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

84. The allegations of Paragraph 84 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

85. The allegations of Paragraph 85 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

86. The allegations of Paragraph 86 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

87. The allegations of Paragraph 87 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

88. The allegations of Paragraph 88 of the Amended Complaint are inapplicable to the

City Defendants and/or denied to the extent a response is required.

89.    The allegations of Paragraph 89 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

90.    The allegations of Paragraph 90 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

91.    The allegations of Paragraph 91 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

92.    The allegations of Paragraph 92 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

93.    The allegations of Paragraph 93 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

94.    The allegations of Paragraph 94 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

95.    The allegations of Paragraph 95 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

96.    The allegations of Paragraph 96 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

97.    The allegations of Paragraph 97 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

98.    The allegations of Paragraph 98 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

99.    The allegations of Paragraph 99 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

100.    The allegations of Paragraph 100 of the Amended Complaint are inapplicable to the

City Defendants and/or denied to the extent a response is required.

101. The allegations of Paragraph 101 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

102. The allegations of Paragraph 102 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

103. The allegations of Paragraph 103 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

104. The allegations of Paragraph 104 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

105. The allegations of Paragraph 105 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

106. The allegations of Paragraph 106 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

107. The allegations of Paragraph 107 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

108. The allegations of Paragraph 108 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

109. The allegations of Paragraph 109 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

110. The allegations of Paragraph 110 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

111. The allegations of Paragraph 111 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

112. The allegations of Paragraph 112 of the Amended Complaint are inapplicable to the

City Defendants and/or denied to the extent a response is required.

113. The allegations of Paragraph 113 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

114. The allegations of Paragraph 114 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

115. The allegations of Paragraph 115 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

116. The allegations of Paragraph 116 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

117. The allegations of Paragraph 117 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

118. The allegations of Paragraph 118 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

119. The allegations of Paragraph 119 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

120. The allegations of Paragraph 120 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

121. Neither of the City Defendants were in a position to intervene in the shooting and the sole suspects handled by CPD Officers were felony suspects arrested upon probable cause without incident. These individuals are not even parties to this claim. The allegations of Paragraph 121 of the Amended Complaint are denied. This does not present a cognizable claim under clearly established law.

122. The allegations of Paragraph 122 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

18

123.    The allegations of Paragraph 123 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

124.    The allegations of Paragraph 124 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

125.    The allegations of Paragraph 125 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

126.    The allegations of Paragraph 126 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

127.    The allegations of Paragraph 127 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

128.    The allegations of Paragraph 128 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

129.    The allegations of Paragraph 129 of the Amended Complaint are inapplicable to the City Defendants and/or denied to the extent a response is required.

**AND NOW, HAVING FULLY ANSWERED** and asserted its affirmative defenses, Defendants pray that this Court grant the following relief:

(a)    That this Court dismiss Plaintiff's Amended Complaint with prejudice, based upon each and all of the aforesaid affirmative defenses, including but not limited to, Plaintiff's failure to comply with the mandatory and jurisdictional requirements of the Mississippi Tort Claims Act, applicability of statutory exemptions from liability as set forth in the Mississippi Tort Claims Act, failure to exhaust administrative remedies and qualified immunity; and,

(b)    That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever.

**FILED** this the 1st day of May, 2015.

CITY OF CLEVELAND, MISSISSIPPI;
CLEVELAND POLICE DEPARTMENT;
MICHAEL MELTON, In his Individual and
Official Capacity; JOE SMITH, In his Individual
and Official Capacity; STANLEY PERRY, In his
Individual and Official Capacity; FRANK GOSS,
In his Individual and Official Capacity

By: */s/ Daniel J. Griffith*
    Daniel J. Griffith, MSB #8366
    Attorney for Cleveland Defendants

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Telephone:  662-843-6100
Facsimile:  662-843-8153
Email: danny@griffithlaw.net

Jamie Ferguson Jacks
Jacks | Luciano, P.A.
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
Telephone:  662-843-6171
Facsimile: 662-843-6176
Email:  jjacks@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, counsel for Defendants, City of Cleveland, Mississippi; Cleveland Police

Department; Michael Melton, In his Individual and Official Capacity; Joe Smith, In his Individual

and Official Capacity; Stanley Perry, In his Individual and Official Capacity; and Frank Goss, in his

Individual and Official Capacity, in the above case, do hereby certify that I have this day caused a

true and correct copy of the above and foregoing *City Defendants' Answer and Affirmative Defenses*

to be delivered by ECF filing system to:

Dennis C. Sweet, III
Terris C. Harris
Sweet & Associates, P.A.
158 E. Pascagoula St.
P.O. Box 1178
Jackson, MS 39215
Phone: 601-965-8700
Email: dennis.sweet@sweetandassociates.net
terris@sweetandassociates.net
**Attorney for Plaintiff**

Rebecca B. Cowan
Currie Johnson Griffin & Myers
1044 River Oaks Drive
Jackson, MS 39232
Phone: 601-969-1010
Fax: 601-969-5120
Email: bcowan@curriejohnson.com
**Attorney for Bolivar County, et al.**

J. Lawson Hester
Jason Edward Dare
Wyatt, Tarrant & Combs, LLP
4450 Old Canton Road, Ste. 210
Jackson, MS 39211
Phone: 601-987-5300
Fax: 601-987-5353
Email: lhester@wyattfirm.com
jdare@wyattfirm.com
**Attorney for Walter Grant**

**FILED** this 1st day of May, 2015.

*/s Daniel J. Griffith*
Daniel J. Griffith