IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LATAUNA HILL, INDIVIDUALLY**                            **PLAINTIFF**
**AND ON BEHALF OF ALL THE HEIRS**
**AT LAW AND WRONGFUL DEATH**
**BENEFICIARIES OF WILLIE LEE BINGHAM**
**DECEASED**

vs.                                      **CIVIL ACTION NO. 4:14-CV-86-NBB-JMV**

**BOLIVAR COUNTY; BOLIVAR COUNTY**
**SHERIFF'S DEPARTMENT; KELVIN WILLIAMS, SR.,**
**In his Official Capacity; DEPUTY SHERIFF WALTER**
**GRANT, In his Individual and Official Capacity; DEPUTY**
**SHERIFF CHRIS McCAIN, In his Individual and Official**
**Capacity; THE CITY OF CLEVELAND, MISSISSIPPI;**
**CLEVELAND POLICE DEPARTMENT; MICHAEL**
**MELTON, In his Individual and Official Capacity;**
**JOE SMITH, In his Individual and Official Capacity;**
**STANLEY PERRY, In his Individual and Official Capacity;**
**FRANK GOSS, In his Individual and Official Capacity**          **DEFENDANTS**

## MOTION FOR PROTECTIVE ORDER

**THE CITY OF CLEVELAND DEFENDANTS,** by counsel, respectfully move this Court for a protective order designed to allow full and fair disclosure of certain evidence which satisfies a threshold of being confidential and not otherwise subject to public disclosure as explained herein:

1.      **Background:** This civil case involves the 2014 shooting death of Willie Lee Bingham by a law enforcement officer. The circumstances of this incident continue to be open investigations by the Mississippi Bureau of Investigation and the Mississippi Attorney General. Moreover, there has been a recent public announcement of a pending criminal indictment against the officer which on information and belief is scheduled for trail on June 1, 2015, in the Circuit Court of Bolivar County in Cleveland.

The instant case has expanded following an allegation that a former Bolivar County Deputy confessed to placing an object on the ground within reach of the dead suspect. [See Amended Complaint, Doc 75]. The undersigned represents the Defendant City and Police Officers Goss, Smith, Perry, and Melton who were recently added to this litigation under a theory that they either failed to intervene or somehow assisted in a cover up. Another Deputy with Bolivar County was also added by this amendment. The controlling 4th Amendment authority for law enforcement officers assisting another agency is clearly established.[1] As to intervention, we expect the proof to show none of the newly added Defendants were in a position to intervene in the alleged shooting of a fleeing felony suspect by the former Deputy. [See Amended Complaint, Doc 75]. The law here is clearly established as well.[2] These newly added officers simply cannot be held liable under clearly established law if they were not in a position to intervene.[3] As to assisting in a cover-up, that simply is not true and not a known tort in any event.

---

[1] Deville v. Marcantel, 567 F.3d 156, 166 (5th Cir. 2009) ("[W]here a police officer makes an arrest on the basis of oral statements by fellow officers, an officer will be entitled to qualified immunity from liability in a civil rights suit for unlawful arrest provided it was objectively reasonable for him to believe, on the basis of the statements, that probable cause for the arrest existed.") (quoting Rogers v. Powell, 120 F.3d 446, 455 (3d Cir.1997)).

[2] The Fifth Circuit has held that "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995) (citation omitted). Further, "[t]he fact that [officers] [a]re from different law enforcement agencies does not as a matter of law relieve [them] from liability for a failure to intervene." Id. "[L]iability under §1983 can attach when the bystander officer 'had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it.'" Deshotels v. Marshall, 454 F. App'x 262, 268 (5th Cir. 2011) (citing Hale, 45 F.3d at 919).

[3] See Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013) (officers who were not in the presence of officer alleged to have used excessive force were "not bystanders for purposes of a bystander liability claim.").

**2. Need for Intervention by the Court:** Due to the sensitive nature of this case, as well as the security implications regarding a release of the investigative files of multiple law enforcement agencies, the City Defendants request that the Court enter a protective order in this case maintaining confidentiality of the open case files pursuant to Fed. R. Civ. Proc. 26.

**(A) Dash Camera Video -** Certain CPD patrol units have dash cameras. The camera on the vehicle driven by one of the Defendant Officers has recoverable dash camera video which has been preserved. That Officer was in a position to record the pursuit of the suspect vehicle as he engaged his lights to effectively channel the pursuit safely out of the City of Cleveland. That Officer monitored the pursuit from a safe distance and then turned his vehicle slightly to the east when he parked it on-site where the fleeing suspects had abandoned their vehicle and fled on foot into an agricultural field adjacent to Highway 61 North. There are a total of four video clips depicting portions of events through the arrival of additional personnel after the shooting. The incident between the former Deputy and the deceased is not depicted, as the Deputy was pulled further to the east down the turn row than was covered by the City Officer's video. The City's core disclosures will include the complete set of four video clips, together with a technical explanation so that counsel and their respective experts can have a reliable time line. Otherwise, the City Officers took no photographs (other than the dash camera) and wrote no reports (per CPD protocol) other than the statements to Mississippi Bureau of Investigation (which the City does not have) and interviews with investigators acting on behalf of the Attorney General (which the City does not have either).

People tend to behave much better if they believe they are on camera. We respectfully submit that a compelling public safety issue is presented here. The technical specifications of which vehicles have this capability, the mechanics of when video is operable and what the camera records

is not public information.

**(B) MBI Investigative Report -** The incident is still considered to be an open file by MBI. We do not have this file. Based upon prior experience of the undersigned counsel, the MBI includes proprietary language at the end of each page of the investigative report "This document contains neither recommendations nor conclusions of MBI. It is the property of MBI and is loaned to your agency. This document nor its contents are to be distributed outside this agency."

**(C) Mississippi Attorney General File -** This incident is still considered to be an open file by the AG. The City does not have this file. The Attorney General is serving as a special prosecutor and this file will surely contain confidential information subject only to disclosure within the criminal proceeding.

3. **Governing Law:** The Mississippi Public Records Act provides an exception specifically applicable to this claim. Miss. Code Ann. §25-61-12(2)(a) states that when in the possession of a law enforcement agency, investigative reports shall be exempt from the provisions of this chapter. The MBI Investigative Report and DA case file fall within this statute. Specifically, investigative reports are defined in Miss. Code Ann. §25-61-3(f)(i) to include crime scene reports and demonstrative evidence. The common-law right of access to judicial proceedings does not extend to information collected through discovery which is not a matter of public record." Gilliam v. HBE Corporation, 2000 U.S. Dist. LEXIS 21918, 2000 WL 33996253, *3 (M.D. Fla. Oct. 25, 2000)(citing In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355 (11th Cir. 1987)). Individuals possess no First Amendment rights to the protected information which override the provisions of Fed.R.Civ.P. 26(c). The discovery process, as a "matter of legislative grace," is a statutorily created forum not traditionally open to the public. Seattle Times Co. v. Rhinehart, 467

U.S. 20, 33, 104 S. Ct. 2199, 2207, 81 L. Ed. 2d 17 (1984). Although information exchanged in pretrial discovery would often generate considerable public interest if publicly disseminated, private litigants have protectable privacy interests in confidential information disclosed through discovery. Id. at 35.

    **4.**    **Immediate Relief Requested:**

        A.    The producing party shall designate the applicable files as "Confidential" by placing the legend "Confidential – Subject to Protective Order" on the document prior to production.

        B.    If the producing party inadvertently fails to designate a document or information as "Confidential" at the time of the production, it shall, within ten (10) business days after it discovers that it inadvertently failed to designate a document, designate the documents or other information as "Confidential."

        C.    The documents produced pursuant to any protective order shall be used by the recipient solely for the purpose of conducting this litigation and shall not be used for any other purpose, including any other litigation.

        D.    The documents produced pursuant to any protective order shall be held in strict confidence and may be disclosed only to the following individuals:

            1.    Counsel directly working on this litigation and his or her paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, and parties or party representatives in the presence of counsel;

2.  Independent experts of either party, if any, who have been expressly retained by a party to assist in the preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

3.  The Court and its personnel;

4.  Any person from whom testimony is taken or who is the author of the material or information designated as "Confidential."

5.  Court reporting personnel involved in taking or transcribing testimony; and

6.  Any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

E.  The recipient of materials protected by any protective order agrees to subject himself/herself to the jurisdiction of this Court for purposes of any proceeding relating to compliance with this Order.

F.  To the extent that the exchanged confidential documents are used in depositions, or other discovery proceedings, those depositions or other discovery proceedings shall be maintained as confidential information.

G.  Access to "Confidential" material or information shall be allowed to a person only after the person has been made aware of the provisions of the protective order and has manifested his or her assent to be bound thereby.

H.  If either party desires to file "Confidential" material or information with the Court in a manner that would publically disclose the contents, that party shall first file a "Notice of Disclosure" allowing any other party the opportunity to

        file a motion to seal allowing the Court a sufficient time to make a determination;

I.     If either party desires to file "Confidential" material or information with the Court in a manner which maintains the confidential nature of the contents, that party shall first file a "Motion to Seal" allowing any other party the opportunity to state their reason for making the information subject to public disclosure and in turn allowing the Court a sufficient time to make a determination;

J.     The respective parties shall also comply with any additional requirement imposed by the Court.

K.     Within thirty (30) days of the conclusion of this litigation, whether by judgment, exhaustion of appeals or by settlement, the respective parties and/or their attorneys shall secure and return all "Confidential" material or information and all copies thereof to the producing party.

**5. Briefing:** These Defendants further request that they be relieved of the requirement for submitting a separate Memorandum Brief under *Uniform District Court Rule* 7.2, as the instant motion is self-explanatory and the requested relief is contemplated by the inherent powers of the court and *Uniform District Court Rule* 16.1 (b)(4).

**RESPECTFULLY SUBMITTED** this 1st day of May, 2015.

        **CITY OF CLEVELAND, MISSISSIPPI; CLEVELAND POLICE DEPARTMENT; MICHAEL MELTON, In his Individual and Official Capacity; JOE SMITH, In his Individual and Official Capacity; STANLEY PERRY, In his Individual and Official Capacity; FRANK GOSS, In his Individual and Official Capacity**

        By: /s/ *Daniel J. Griffith*
           Daniel J. Griffith, MSB #8366
           Attorney for Cleveland Defendants

Of Counsel:

**GRIFFITH & CARR**
123 South Court Street
P. O. Drawer 1680
Cleveland, MS 38732
Telephone: 662-843-6100
Facsimile: 662-843-8153
Email: danny@griffithlaw.net

Jamie Ferguson Jacks
Jacks | Luciano, P.A.
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: jjacks@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, counsel for Defendants, City of Cleveland, Mississippi; Cleveland Police Department; Michael Melton, In his Individual and Official Capacity; Joe Smith, In his Individual and Official Capacity; Stanley Perry, In his Individual and Official Capacity; and Frank Goss, in his Individual and Official Capacity, in the above case, do hereby certify that I have this day caused a

true and correct copy of the above and foregoing *City Defendants' Motion for Protective Order* to be delivered by ECF filing system to:

>Dennis C. Sweet, III
>Terris C. Harris
>Sweet & Associates, P.A.
>158 E. Pascagoula St.
>P.O. Box 1178
>Jackson, MS 39215
>Phone: 601-965-8700
>Email: dennis.sweet@sweetandassociates.net
>      terris@sweetandassociates.net
>**Attorney for Plaintiff**
>
>Rebecca B. Cowan
>Currie Johnson Griffin & Myers
>1044 River Oaks Drive
>Jackson, MS 39232
>Phone: 601-969-1010
>Fax: 601-969-5120
>Email: bcowan@curriejohnson.com
>**Attorney for Bolivar County, et al.**
>
>J. Lawson Hester
>Jason Edward Dare
>Wyatt, Tarrant & Combs, LLP
>4450 Old Canton Road, Ste. 210
>Jackson, MS 39211
>Phone: 601-987-5300
>Fax: 601-987-5353
>Email: lhester@wyattfirm.com
>      jdare@wyattfirm.com
>**Attorney for Walter Grant**

    **FILED** this 1st day of May, 2015.

>    */s/ Daniel J. Griffith*
>    Daniel J. Griffith