**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

| | |
|---|---|
| **LATAUNA HILL, INDIVIDUALLY AND ON BEHALF OF ALL THE HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF WILLIE LEE BINGHAM DECEASED** | **PLAINTIFF** |
| vs. | **CIVIL ACTION NO. 4:14-CV-86-NBB-JMV** |
| **BOLIVAR COUNTY; BOLIVAR COUNTY SHERIFF'S DEPARTMENT; KELVIN WILLIAMS, SR.,** In his Official Capacity; **DEPUTY SHERIFF WALTER GRANT,** In his Individual and Official Capacity; **DEPUTY SHERIFF CHRIS McCAIN,** In his Individual and Official Capacity; **THE CITY OF CLEVELAND, MISSISSIPPI; CLEVELAND POLICE DEPARTMENT; MICHAEL MELTON,** In his Individual and Official Capacity; **JOE SMITH,** In his Individual and Official Capacity; **STANLEY PERRY,** In his Individual and Official Capacity; **FRANK GOSS,** In his Individual and Official Capacity | **DEFENDANTS** |

**ORDER GRANTING SIXTY DAY PROTECTIVE ORDER**

This matter is before the Court on motion by the City of Cleveland Defendants [Doc. 91], seeking to authorize limited disclosure while maintaining the confidentiality of 1) the dash camera video and technical specifications incident thereto from a Cleveland Police Department vehicle during the incident in question; 2) the currently open case file of the Mississippi Bureau of Investigation regarding the incident in question; and 3) the Office of the Attorney General's open file regarding the State's prosecution of an indictment as to Defendant Grant in connection with the incident in question, all pursuant to the Court's authority pursuant to *Fed. R. Civ. Proc. 26.*

Having reviewed the submissions of the parties; heard the arguments of counsel; and been made aware that certain public disclosures during state court criminal proceedings might render

confidentiality moot in any event, consistent with the court's ruling from the bench during the May 18 hearing, the motion is **GRANTED in part**, and this order shall remain in effect for a period of sixty days (beginning today). Prior to the expiration of this period, however, the Court will hold another hearing to determine whether the period should be extended.

It is, **THEREFORE, ORDERED** that upon the production of these documents by one party to another, that:

(A) The producing party shall designate these files as "Confidential" by placing the legend "Confidential – Subject to Protective Order" on the document prior to production.

(B) If the producing party inadvertently fails to designate a document or information as "Confidential" at the time of the production, it shall, within ten (10) business days after it discovers that it inadvertently failed to designate a document, designate the documents or other information as "Confidential."

(C) The documents produced pursuant to this Protective Order shall be used by the recipient solely for the purpose of conducting this litigation and shall not be used for any other purpose, including any other litigation.

(D) The documents produced pursuant to this protective order shall be held in strict confidence and may be disclosed only to the following individuals:

    1. Counsel directly working on this litigation and his or her paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, and parties or party representatives in the presence of counsel;

    2.     Independent experts of either party, if any, who have been expressly retained by a party to assist in the preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    3.     The Court and its personnel;

    4.     Any person from whom testimony is taken or who is the author of the material or information designated as "Confidential."

    5.     Court reporting personnel involved in taking or transcribing testimony; and

    6.     Any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

(E)     The recipient of materials protected by any protective order agrees to subject himself/herself to the jurisdiction of this Court for purposes of any proceeding relating to compliance with this Order.

(F)     To the extent that the exchanged confidential documents are used in depositions, or other discovery proceedings, the confidential material used therein shall be maintained as confidential.

(G)     Access to "Confidential" material or information shall be allowed to a person only after the person has been made aware of the provisions of the protective order and has manifested his or her assent to be bound thereby.

(H)     During the period of this order, or any extension thereof, should any party desires to file "Confidential" material or information with the Court in a manner which maintains the confidential nature of the contents, that party

shall first file a "Motion to Seal" allowing any other party the opportunity to state their reason for making the information subject to public disclosure.

(I) Within thirty (30) days of the conclusion of this litigation, whether by judgment, exhaustion of appeals or by settlement, the respective parties and/or their attorneys shall secure and return all "Confidential" material or information and all copies thereof to the producing party.

(J) Upon expiration of this order, or any extension thereof, the ultimate issue of public disclosure of any document so designated is reserved for further finding by this Court.

**IT IS FURTHER ORDERED** that a hearing to determine the propriety of extending the period of coverage of this order will be set by separate notice.

**SO ORDERED** this 21st day of May, 2015.

*/s/ Jane M. Virden*
**United States Magistrate Judge**